THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BERTHA LEE DALE, Defendant-Appellant.

Third District   No. 78-102

Opinion filed March 23, 1979.

SCOTT, J., specially concurring.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Bertha L. Dale, was charged in a one count information which alleged that on July 12, 1977, the defendant committed the criminal offense of voluntary manslaughter in violation of section 9—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(b)). She was accused of shooting to death her husband, John Dale, at a time when she believed the circumstances to be such that they would justify the killing but that this belief on her part was unreasonable. On July 28, 1977, the defendant entered a plea of guilty to the charge against her. The trial court ordered a presentence investigation and report. Following a hearing in mitigation, the trial court denied the defendant's request of a sentence of probation and sentenced her to serve a term of imprisonment of not less than 1 nor more than 20 years. The defendant timely filed a motion to withdraw her guilty plea and to vacate the judgment, which motion was denied following a hearing thereon. Defendant brought the present appeal in which she only challenges the sentence imposed by the trial court.

The issue raised is whether the trial court abused its discretion by sentencing this defendant to a term of imprisonment rather than probation. The defendant's argument is based upon the case of *People v. Bolyard* (1975), 61 Ill. 2d 583, 168 N.E.2d 338, and its progeny. The supreme court found that the trial judge in *Bolyard* arbitrarily denied the defendant probation and refused to exercise his sentencing discretion as a result of the trial judge's statement at the sentencing hearing that the type of crime involved in that case was never proper for a sentence of probation. The same result was reached with similar reasoning in *People v. Wilson* (4th Dist. 1977), 47 Ill. App. 3d 220, 361 N.E.2d 1155, where the trial judge's statements at the sentencing hearing disclosed his policy that a certain class of crime should never be granted probation. In applying the *Bolyard* standard to the trial judge's statements in the instant case we conclude that no abuse of discretion was evident nor did the judge arbitrarily deny this defendant probation.

The applicable statute which sets forth the criteria for guidance to trial courts in determining whether a sentence of probation is proper is section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1977 Supp., ch. 38, par. 1005—6—1), which provides:

"(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice.

(b) The court may impose a sentence of conditional discharge for an offense if the court is of the opinion that neither a sentence of imprisonment nor of periodic imprisonment nor of probation supervision is appropriate.

(c) The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilty, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion that:

(1) the offender is not likely to commit further crimes;

(2) the defendant and the public would be best served if the defendant were not to receive a criminal record; and

(3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under this Code.

The court shall consider the statement of the prosecuting authority with regard to the standards set forth in this Section."

██ In this case the trial court heard extensive evidence in mitigation, including the defendant's lack of a criminal record and favorable psychiatric testimony. At the conclusion of the evidence at the sentencing hearing the trial judge referred to the language of section 5—6—1 (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—1), and made several statements which the defendant asserts showed his arbitrariness and failure to exercise his sentencing discretion. The trial judge stated specifically that incarceration of the defendant was not necessary for the protection of society, nor was he convinced that the defendant would be likely to commit this type of offense again. The trial judge also commented that the defendant was not in need of correctional rehabilitation treatment. Nevertheless the trial court did also consider the circumstances of the offense and the history, character and condition of the offender; that this defendant, fully aware of her husband's past violent tendencies and use of weapons, consciously chose to approach him at a place outside the home upon learning from others of the possibility that he was seeing another woman; that defendant sought out her victim and took her gun along; that upon confronting her husband she shot him multiple times as he emerged from his van and allegedly reached for his pocket. Having considered

these circumstances surrounding the commission of this offense the trial judge stated that the defendant had committed "a serious offense and a penalty other than incarceration would deprecate that seriousness." Rather than placing the defendant's crime in a disfavored category as in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, and *People v. Wilson* (4th Dist. 1977), 47 Ill. App. 3d 220, 361 N.E.2d 1155, the trial court here correctly considered the statutory probationary sentencing criteria and concluded that the conduct of this defendant in this case was such that a penalty other than incarceration would deprecate the seriousness of that conduct. Such a statement does not reflect an arbitrary sentencing decision by the trial court but is evidence of a proper exercise of sentencing discretion as afforded by statute. In the case of *People v. Meyer* (3d Dist. 1975), 30 Ill. App. 3d 673, 332 N.E.2d 606, a sentence of imprisonment instead of probation was affirmed under similar facts where the trial judge also concluded that the reason for the sentence of incarceration was that probation would deprecate the seriousness of the offense. This same reasoning was echoed under similar circumstances in *People v. Waud* (1977), 69 Ill. 2d 588, 373 N.E.2d 1, and *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, which cases we believe are controlling of the issue in the case at bar.

■■ The defendant also asserts that additional comments of the trial judge at the sentencing hearing reflect an abuse of his sentencing discretion consistent with the rule of law announced in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168. We have examined the trial judge's comments and believe the defendant has considered them out of context. The trial judge, after noting that the defendant's action in attempting to confirm the rumors that her husband was with another woman involved a substantial risk, stated:

> "But I think, for whatever reason, Mrs. Dale chose her pattern. She chose to confront her husband at a time when she did have a gun; and although she made an error as to whether or not he, perhaps, was intending to commit violence to her [*sic*], she did cause termination of his life. *I think death is so serious, not because of any arbitrary rule adopted by the courts, but I think in this case and a case like this a sentence of other than incarceration would be inappropriate*." (Emphasis added.)

Far from showing that the trial court had a preconceived notion that all cases involving death should not receive a sentence of probation, we believe this statement is further supportive of the trial judge's proper exercise of his sentencing discretion.

■■ We agree with the proposition that probation is a preferred sentencing disposition. (*People v. Meyer* (3d Dist. 1975), 30 Ill. App. 3d 673, 332 N.E.2d 606.) However, we do not believe that a sentence of

probation is appropriate in every case. In the case of *People v. Thompson* (1st Dist. 1977), 55 Ill. App. 3d 561, 371 N.E.2d 267, a sentence of incarceration following a conviction of voluntary manslaughter was affirmed under circumstances as compelling as those of the present case. Absent a clear showing of an abuse of discretion in sentencing we will not upset the sentence imposed by the trial judge even though we might have imposed a different and lesser sentence had we been in the position of the trial court. (*People v. Beasley* (1st Dist. 1977), 54 Ill. App. 3d 109, 369 N.E.2d 260.) We find no abuse of discretion in the record before us and consequently no error in the action of the court below. For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, J., concurs.

Mr. JUSTICE SCOTT, specially concurring:

I concur with the result reached in the majority opinion but feel compelled to clarify by way of limitation the view that the case of *Bolyard* (*People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168) authorized this court to determine whether a trial court abused its discretion where probation had been denied after a hearing on the application for probation and the court complied with all the requisite statutory provisions pertaining to a sentence of probation. The grounds upon which *Bolyard* authorizes a reviewing court to remand a case where probation has been denied because there was an abuse of discretion must be gleaned by inference. In *Bolyard* there existed a unique situation where a trial judge superimposed his personal belief to the effect that a certain crime was not probationable even though our Unified Code of Corrections authorized the possible sentence of probation for the crime in question. I quarrel not with *Bolyard*, for in that case the trial court unequivocally refused to follow the law. I conclude, inferentially, that the grounds for remand authorized by *Bolyard* should be limited to similar, unequivocal failures to adhere to the statute.

I believe that the power of a reviewing court to reduce a penitentiary sentence to probation is that which was set forth in *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300. In *Moran* our supreme court held that Supreme Court Rule 615 "was not intended to grant a court of review the authority to reduce a penitentiary sentence to probation."

Subsequent to the holding in *Moran* several cases were decided which held to the contrary based upon the reasoning that at the time of the trial court's judgment in *Moran* probation was not considered a

sentence but subsequently under our Unified Code of Corrections became statutorily recognized as a sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3(d).) The leading case relying on this distinction is *People v. Rednour* (1974), 24 Ill. App. 3d 1072, 322 N.E.2d 492. (See also *People v. Meyer* (1975), 30 Ill. App. 3d 673, 332 N.E.2d 606, and *People v. Brown* (1975), 32 Ill. App. 3d 10, 335 N.E.2d 512.) Our supreme court, however, has expressly and specifically overruled the *Rednour* case. (See *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) Based upon the case of *Bolyard* one must conclude that the law set forth in the cited cases of *Meyer* and *Brown* is also overruled. In *Bolyard* our supreme court stated:

> "We adhere to the decision announced in *Moran*. Rule 615 does not grant a reviewing court the authority to reduce a sentence of imprisonment to a sentence of probation." *People v. Bolyard* (1975), 61 Ill. 2d 583, 588, 338 N.E.2d 168, 170.

I do not believe that *Bolyard* gives a reviewing court the right *per se* to review a denial of probation in order to determine if the trial court abused its discretion. If the trial court complies with all the statutory guidelines and provisions relating to probation then a reviewing court has no authority to make a determination as to whether the trial court did or did not abuse its discretion in rendering a sentence of imprisonment rather than one of probation. To hold otherwise would permit reviewing courts to thwart the rule set forth in *Moran* and which our supreme court directed reviewing courts to adhere to in *Bolyard* (*People v. Bolyard* (1975), 61 Ill. 2d 583, 588-89, 338 N.E.2d 168, 170).