THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY G. STEVENS, Defendant-Appellant.

Fifth District   No. 5—83—0697

Opinion filed June 11, 1984.

Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Billy G. Stevens, was found guilty by a jury in the circuit court of Montgomery County of unlawful delivery of a controlled substance, less than 5 [sic] grams of lysergic acid diethylamide (LSD), in violation of section 401(d) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1981, ch. 56 ½, par. 1401(d)). The offense was alleged to have occurred on August 26, 1982. Defendant was sentenced to 2 ½ years in prison and was ordered to pay a fine of $75 pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1.1). On appeal, defendant contends (1) that the court erred in instructing the jury on statements by defendant (Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.06-3.07 (2d ed. 1981)) without including the last sentence of the instruction; (2) that pursuant to section 5—8—7(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(c)), defendant should receive credit for time spent in jail in Bond County between his arrest on a Bond County charge of conspiracy to deliver a controlled substance and his subsequent arrest in Montgomery County on the charge in the case at bar; and (3) that the defendant is entitled to full credit toward his fine because he spent over 15 days in custody prior to sentencing in the case at bar.

Defendant did not raise in his post-trial motion the court's failure to include in its instruction the last sentence in IPI Criminal No. 3.06-3.07; therefore, the issue is waived for purposes of this appeal.

(*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 181, 415 N.E.2d 1027, 1030.) Further, the record indicates that defendant was satisfied with the instruction that was given and may have withdrawn any objection which he had. There is an exception to the waiver rule to correct grave errors or where the case is close factually and fundamental fairness requires that the jury be properly instructed; however, such exception does not apply to the case at bar. See *People v. Tannenbaum* (1980), 82 Ill. 2d 177, 182, 415 N.E.2d 1027, 1030.

■ Section 5—8—7(c) of the Unified Code of Corrections provides:

"An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence."

Defendant argues that it appears from the record that the Bond County conspiracy charge and the charge in the case at bar are related and that it further appears that no conviction was had on the Bond County charge; therefore, that he should be granted credit against the Montgomery County sentence for the time spent incarcerated on the Bond County charge. The State agrees with this contention by the defendant. The record establishes that defendant was incarcerated in the Bond County jail on a warrant for conspiracy to deliver a controlled substance on October 19, 1982, and that he was served on December 9, 1982, with the warrant on the charge in the case at bar. Therefore, the case is remanded to the circuit court of Montgomery County for the issuance of an amended judgment and *mittimus* which will credit defendant the additional 51 days from October 19 through December 8, 1982, that defendant served in the Bond County jail.

Section 5—9—1.1 of the Unified Code of Corrections provides, in part:

"When a person has been adjudged guilty of a drug related offense involving possession or delivery of cannabis or possession or delivery of a controlled substance as defined in the Cannabis Control Act, as amended, or the Illinois Controlled Substances Act, as amended, in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized."

In the case at bar, the court specifically found that the "street value" of the LSD was $75; therefore, pursuant to section 5—9—1.1, the court imposed a fine of $75. Section 110—14 of the Code of Criminal Proce-

dure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—14) provides, in part:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant *** However, in no case shall the amount so allowed or credited exceed the amount of the fine."

The defendant argues that since he was given 47 days credit for time served, he is entitled to total credit for his $75 fine. The State responds that section 110—14 is not applicable to reduce fines imposed as a result of section 5—9—1.1 and that to accept the defendant's argument would frustrate the legislative intent to discourage drug trafficking. The State also urges that a fine imposed under section 5—9—1.1 is in addition to any other penalty.

■ Section 110—14 applies to "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense***." The statute is not limited in its application to defendants whose punishment is by fine only nor does it exclude from its provision defendants who will also receive credit against a sentence to imprisonment pursuant to section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7) for the time they were incarcerated prior to conviction. (*People v. Young* (1981), 96 Ill. App. 3d 634, 636, 421 N.E.2d 968, 970.) Furthermore, there is nothing in the language of section 110—14 to justify creating an exception for defendants who are fined pursuant to section 5—9—1.1 and also sentenced to imprisonment. The statute plainly applies to any person against whom a fine is levied and who has been incarcerated on that offense. Section 110—14 does not attempt to differentiate between fines imposed pursuant to section 5—9—1 and those imposed pursuant to section 5—9—1.1 of the Unified Code of Corrections, nor does section 5—9—1.1 state that it is excluded from the provisions of section 110—14. Therefore, upon remand the circuit court of Montgomery County is to grant this defendant a credit of $75 against the $75 fine as he has served more than 15 days of incarceration.

Affirmed as modified and remanded with directions.

WELCH, P.J., and JONES, J., concur.