THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE JAMES, Defendant-Appellant.

Fifth District   No. 5—84—0279

Opinion filed April 4, 1985.

Randy E. Blue and John R. Abel, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen M. Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Maurice James, was charged by information with the offense of aggravated kidnaping (Ill. Rev. Stat. 1983, ch. 38, par. 10—2). Defendant was incarcerated for 118 days on this charge prior to pleading guilty and being sentenced to a 10-year term of imprisonment. In addition to the imprisonment, defendant was ordered to pay $25 to the Violent Crime Victims Assistance Fund, as provided in section 10 of the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510). Pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14), defendant applied for credit against this fine on account of his incarceration. The circuit court of Jefferson County refused to allow the credit, and defendant has perfected this appeal, in which he raises the sole issue of whether he is entitled to credit against the payment to the Violent Crime Victims Assistance Fund for the time he was incarcerated prior to pleading guilty.

Section 10 of the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510) provides:

"(a) The 'Violent Crime Victims Assistance Fund' is created as a special fund in the State Treasury to provide monies for the grants to be awarded under this Act.

(b) When any person is convicted in Illinois after January 1, 1984, of an offense listed below, the court which enters the conviction shall impose, in addition to any other penalty authorized by law, a fine in accordance with the following schedule:

(1) $25.00, for conviction of a crime of violence, as defined in Section 2(c) of the 'Crime Victims Compensation Act,' approved August 23, 1973, as amended; ***."

Defendant contends that the payment exacted by section 10 of the Violent Crime Victims Assistance Act constitutes a fine against which he is entitled to a credit by virtue of section 110—14 of the Code of Criminal Procedure of 1963. Section 110—14 of the Code of

Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

The State urges that section 110—14 of the Code of Criminal Procedure of 1963 is not applicable to reduce "fines" imposed under section 510 of the Violent Crime Victims Assistance Act because such sanctions are not fines in the traditional sense, in that a "fine" imposed under section 510 does not constitute a sum of money exacted as a pecuniary punishment. Further, the State contends that to accept the defendant's argument would frustrate the legislative intent to aid the victims of crime.

Section 110—14 of the Code of Criminal Procedure of 1963 expressly applies to any person against whom a fine is levied and makes no attempt to differentiate among fines based upon statutory origin. (*People v. Stevens* (1984), 125 Ill. App. 3d 516, 519, 466 N.E.2d 296, 299.) Furthermore, section 510 of the Violent Crime Victims Assistance Act does not provide that the payment it imposes is excluded from the provisions of section 110—14 of the Code of Criminal Procedure of 1963.

Black's Law Dictionary 569 (5th ed. 1979) defines a fine as "A pecuniary punishment imposed by lawful tribunal upon person convicted of crime or misdemeanor. A pecuniary penalty." The payment required by section 510 of the Violent Crime Victims Assistance Act is in fact referred to in the statute itself as a "fine" (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b)), and it is imposed only when any person is convicted. Similar payments have elsewhere been held to be fines. See *State v. Champe* (Fla. 1978), 373 So. 2d 874, 880.

Legislative intent is to be derived primarily from consideration of the statutory language. The language of the statute should be given its plain and ordinary meaning. (*People v. Brown* (1982), 92 Ill. 2d 248, 255-56, 442 N.E.2d 136, 139.) The General Assembly characterized the payment to the Violent Crime Victims Assistance Fund as a fine. In the face of this language, we construe the payment to be a fine against which defendant is entitled to a credit by virtue of sec-

tion 110—14 of the Code of Criminal Procedure of 1963.

Accordingly, we modify defendant's sentence to reflect a credit of $25 against the $25 fine, since defendant served more than five days of incarceration.

Affirmed as modified.

HARRISON and KARNS, JJ, concur.