THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, ι WILBERT SMITH, Defendant-Appellant.

Second District   No. 85—0215

Opinion filed March 20, 1986.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, William Browers, and Marshall Stevens, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Wilbert Smith, defendant, was charged with the offenses of attempted murder (Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a)), armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) when, while armed with a dangerous weapon, committing aggravated battery pursuant to section 12—4(a), and two counts of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(a), 12—4(b)(1)). He was found guilty in a jury trial of armed violence, both counts of aggravated battery, and the lesser-included offense of battery, but not guilty of attempted murder. Defendant was sentenced to a six-year term of imprisonment for armed violence, and the remaining judgments entered on the jury verdicts were vacated.

On appeal, defendant contends (1) he was denied the effective assistance of counsel at trial by counsel's (a) failure to discover or present evidence of defendant's nonviolent character, and (b) failure to present to the trial judge sufficient argument or proof for admission into evidence that the victim on a number of occasions had, while armed, raped defendant's daughter; and (2) he must receive full credit for the more than five days he was incarcerated prior to trial against the fine of $25 imposed under the Violent Crime Victims Assistance Act.

At trial, Jerome White testified that in the late evening of October 22, 1984, he left his girl friend's home and went down the street to get his friend Dexter Wells. Not receiving any response where Dexter was staying, White went back to his girl friend's house. As he got to the door, he saw defendant and defendant's nephew, Tyrone Lang, coming down the street. He and defendant argued and then went into the street to fight. Defendant pulled a gun and shot him numerous times. White did not strike first or have a gun. Before collapsing, White grabbed the gun and then beat defendant with it. White denied going to defendant's house earlier that evening, although he admitted knowing defendant and his daughter, Delores. White's girl friend and her younger sister generally corroborated White's testimony.

Defendant testified that prior to the evening of October 22, 1984, his daughter told him that Jerome White had broken out some windows in his house and had a gun with him at the time. On the evening of October 22, bricks and bottles were thrown through a window in the house. Defendant saw White throw these objects. He called the police and then got his gun and went outside. He saw White down the street and asked why White was doing this. White cursed at him and said he wanted to fight. White told him he had a

gun and then picked up a small brick and hit defendant in the face with it, breaking his glasses. As White then reached inside his coat, defendant backed up, got his own gun from his pocket, and, fearing White would shoot him, shot White. White then grabbed the gun and pistol whipped him. Members of defendant's family verified his version of the events that evening and testified to the prior occasion when White was at the defendant's home while armed with a pistol.

## I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

■ The State first responds to the defendant's ineffective assistance of trial counsel contention by arguing that the issue is waived for review because the issue was not raised in the motion for a new trial by defendant's new counsel who replaced defendant's trial counsel for these post-trial proceedings. In his reply brief, defendant maintains this failure to include the issue in the post-trial motion by his new counsel should be "overlooked" because the trial transcripts had not been prepared. Under our holding in *People v. Son* (1982), 111 Ill. App. 3d 273, 284-85, and the cases cited therein, the failure of defendant's new counsel for the post-trial proceedings to raise the issue of ineffective assistance of trial counsel constitutes a waiver of the issue on review. Defendant has not contended on appeal that his counsel for the post-trial proceedings was ineffective for not having the trial transcripts prepared prior to filing the new-trial motion.

■ Even on the merits, the ineffective assistance of trial counsel contention provides no basis for reversal. Defendant's first assertion of ineffective assistance of counsel is that his trial counsel failed to introduce evidence of defendant's nonviolent character. Defendant further argues that this type of evidence was available because five witnesses testified at the sentencing hearing that defendant was not known to be violent. Applying the standard for determining alleged deficiencies in representation as adopted in *People v. Albanese* (1984), 104 Ill. 2d 504, 524-27, we dispose of this first claim of ineffectiveness on the ground of defendant's failure to show sufficient prejudice without deciding whether trial counsel's performance was deficient. We note, however, that typically the decision whether to present a given witness is a matter of trial strategy or tactics and cannot support a claim of ineffective assistance of trial counsel. (*People v. Wright* (1986), 111 Ill. 2d 18.) Several witnesses did testify at trial that defendant did not start the fight with White, that White was known by defendant to possess a pistol, that defendant got his own gun only after he saw White throw objects through the window and after calling the police, and that defendant shot White after he

was hit by White and as White appeared to reach inside his coat. The jury heard this evidence which amply presented proof of self-defense and the initiation of violent conduct by White and not defendant. From our review of the record, the specific evidence of defendant's good character, which might have been presented, would not have altered the result in this case. The defendant has not shown he was deprived of a fair trial on this basis.

■ Defendant's second argument of ineffective assistance of trial counsel is based upon the assertion of trial counsel's failure to adequately present to the trial judge, prior to trial, that White had repeatedly raped defendant's daughter at gunpoint prior to the shooting. He argues that had counsel presented this matter more thoroughly, the trial judge would not have barred defendant from introducing the evidence, which would have shown the reasonableness of his apprehension of harm from White and supported his theory of self-defense. This contention is deficient in several respects. The only evidence in the record that defendant's daughter was raped at gunpoint by White was given at the sentencing hearing by her, and the event allegedly occurred *after* the offenses for which defendant was charged and would not have been admissible. (*Cf. People v. Lynch* (1984), 104 Ill. 2d 194.) The record is otherwise devoid as to the substance of trial counsel's representations, and the conjectural nature of this evidence does not support a claim of ineffective assistance of counsel. (See *People v. Lewis* (1981), 97 Ill. App. 3d 982, 990.) Further, as stated above, defendant was allowed to present evidence through several witnesses that on a recent prior occasion White had possessed a pistol while at defendant's house. On this record, defendant has failed to show both incompetency of trial counsel and any prejudice to him by his counsel's representation.

## II. Credit For The $25 Fine

The record shows that the written judgment and sentence imposed on defendant a $25 fine pursuant to section 10 of the Violent Crime Victims Assistance Act (Act) (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510). The record also discloses that defendant served more than five days in jail prior to trial having been arrested on October 23, 1984, and released on bond November 5, 1984. Citing *People v. James* (1985), 133 Ill. App. 3d 623, defendant argues he is entitled to a credit of $25 against the $25 fine because he served more than five days of incarceration. (See Ill. Rev. Stat. 1983, ch. 38, par. 110—14.) The State responds by pointing out that Public Act 84—826, effective January 1, 1986, has now by amendment specifically

excluded the credit provisions of section 110—14 from the assessment provision of the Act and argues that this amendment renders the *James* decision obsolete and expresses the legislative intent of the original statutory provision.

■ While the amendment to section 10 of the Act may express a legislative intent to clarify the original intent of that provision, the original statutory language dictated the holding in *James,* with which we agree, and the amendment changed the statutory language and the prior law as determined in *James.* The appellate court's explication of section 10 of the Act had become, in effect, a part of the statute until the General Assembly changed it. (*Roth v. Yackley* (1979), 77 Ill. 2d 423, 427-30; see also *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1.) The legislature, after a final judicial interpretation of legislative intent, cannot effect a change in that construction by a later declaration of what it did intend. (*Roth v. Yackley* (1979), 77 Ill. 2d 423, 428-29.) Leave to appeal the decision in *James* was not filed, and the amendment to section 10 of the Act was introduced and passed subsequent to, and apparently in response to, the holding in *James.* While an amendment to a statute is an appropriate source for determining legislative intent (*People v. Rink* (1983), 97 Ill. 2d 533, 540-44), for the reasons discussed above, the amendment here cannot be given effect until its effective date which is January 1, 1986, and which is after the date of the March 12, 1985, sentencing herein. Accordingly, we agree with the defendant's contention that he is to be given $25 credit against the $25 fine.

The judgment is affirmed in all respects except the sentence is modified to reflect a credit of $25 against the $25 fine.

Affirmed as modified.

STROUSE and SCHNAKE, JJ., concur.