THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VIRGINIA WILLIAMS, Defendant-Appellant.

Fifth District   No. 5—85—0357

Opinion filed April 15, 1986.—Rehearing denied May 1, 1986.

KASSERMAN, P.J., dissenting.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Vito A. Mastrangelo, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, 32-year-old Virginia Williams, was charged with the offense of cruelty to a child, to which she pleaded guilty. (Ill. Rev. Stat. 1983, ch. 23, par. 2368.) The circuit court of St. Clair County entered judgment on the plea on February 22, 1985, and sentenced the defendant to an extended term of six years' imprisonment. Additionally, the court imposed fines, costs and fees totaling $300 upon the defendant.

On February 19, 1984, defendant's son Jeremy, then 18 months old, received second and third degree burns to his buttocks. The injury was caused by a space heater and occurred in defendant's home. The pattern of the burn matched the pattern on the top of the space heater. In spite of the severity of the injury, defendant did not seek medical treatment for the child until March 8, 1984. Jeremy was not released from the hospital until March 21, 1984. On May 17, 1984, defendant was indicted for the offense of aggravated battery to a child. On December 5, 1984, the indictment was dismissed and defendant pleaded guilty to the charge of cruelty to a child (Ill. Rev. Stat. 1983, ch. 23, par. 2368) and sentence was imposed.

On appeal, defendant complains that the trial court erred in imposing an extended-term sentence and that the sentence of six years' imprisonment is excessive and constitutes an abuse of discretion. Defendant also asserts that she is entitled to a $200 credit toward her fine because she was confined to jail for 47 days before being convicted.

The offense of cruelty to a child is classified as a Class 4 felony. (Ill. Rev. Stat. 1983, ch. 23, par. 2368.) The sentence imposed for a Class 4 felony shall not be less than one year and not more than three years. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(7).) Defendant contends that the trial court improperly considered the statutory aggravating factor of the victim being under 12 years of age at the time of the offense (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(3)(i))

insomuch as this factor is implicit in the offense of cruelty to a child.

Section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections states that when a defendant is convicted of any felony committed against a person under 12 years of age at the time of the offense, this factor may be considered by the court as a reason to impose an extended term sentence under section 5—8—2 of the Code. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(3)(i).) Defendant relies upon *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, to support her contention that the trial court improperly considered the aggravating factor of the victim's age in imposing an extended-term sentence. In *Conover,* the court held that the aggravating factor of the defendant receiving compensation for committing the offense (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(2)) could not be considered in determining the sentence to be imposed for burglary where the proceeds of the crime were defendant's only remuneration; the rationale being that inasmuch as most burglaries involve proceeds, the legislature likely considered that factor in establishing the penalty for burglary. 84 Ill. 2d 400, 405, 419 N.E.2d 906, 909.

Defendant argues that a similar conclusion is mandated here. We agree with defendant's proposition that although the cruelty to children statute does not define the term "child," one can reasonably conclude from a comparison with related legislation that a child is a person under 18 years of age. (See, *e.g.,* Ill. Rev. Stat. 1983, ch. 23, par. 2053.) However, we disagree with defendant's argument that because most offenses of cruelty to a child are committed against children under 12 years of age, the legislature considered this factor in establishing the penalties for this offense and, therefore, the age of the victim may not be considered by the court as a factor in aggravation of the sentence to be imposed.

This court, in *People v. Brewer* (1984), 127 Ill. App. 3d 306, 468 N.E.2d 1242, dealt with the application of *Conover* to a situation very similar to that presented here. In *Brewer,* the defendant was found guilty of indecent liberties with a child and sentenced to an extended term of 25 years' imprisonment. (127 Ill. App. 3d 306, 307, 468 N.E.2d 1242, 1243.) On appeal, the defendant argued that imposition of an extended term under section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections was inappropriate. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 311, 468 N.E.2d 1242, 1245.) Relying on *Conover,* the defendant contended that application of section 5—5—3.2(b)(3)(i) to his conviction for indecent liberties with a child constituted double enhancement and that where the legislature had established a penalty to be imposed for a crime, a factor already implicit in that crime, such

as the child's age, cannot be considered an aggravating factor. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 311, 468 N.E.2d 1242, 1245.) The State argued that application of the aggravating factor did not constitute double enhancement because that factor did not apply to the entire class of persons protected by the indecent liberties with a child statute, given that that statute punished acts committed against a child under the age of 16 (Ill. Rev. Stat. 1983, ch. 38, par. 11—4) and an extended-term sentence could be imposed only for felonies committed against a child under 12. *People v. Brewer* (1984), 127 Ill. App. 3d 306, 311, 468 N.E.2d 1242, 1246.

The court in *Brewer* reasoned that the extreme youth of the victim presented an additional consideration not necessarily implicit in every offense of indecent liberties with a. child. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 311-12, 468 N.E.2d 1242, 1246.) "[T]he supreme court did not intend an inflexible application of the *Conover* rule." (127 Ill. App. 3d 306, 312, 468 N.E.2d 1242, 1246.) "The legislature *** has wide discretion to classify offenses and prescribe penalties *** [and] [i]n enacting section 5—5—3.2(b)(3)(i) the legislature determined that felonies committed against children under 12 were of a greater harm to society than those committed against persons over 12 and, therefore, deserved a heavier sentence." (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 312, 468 N.E.2d 1242, 1246.) The court held that it was not error for the trial court to consider in aggravation the extreme youth of the victim in sentencing the defendant for indecent liberties with a child. *People v. Brewer* (1984), 127 Ill. App. 3d 306, 312, 468 N.E.2d 1242, 1246.

■ As in *Brewer,* we believe that the extreme youth of Jeremy Jones presents an additional consideration not necessarily implicit in every offense of cruelty to a child. Interpreting the term "child" in the cruelty to children statute as one who is under the age of 18 the legislature, in enacting section 5—5—3.2(b)(3)(i), determined that cruelty to a child under the age of 12 deserves a greater penalty and that it should be left to the court's discretion whether or not to consider this factor in imposing sentence. (See, *e.g., People v. Brewer* (1984), 127 Ill. App. 3d 306, 312, 468 N.E.2d 1242, 1246.) We hold, therefore, that it was not error for the trial court to consider in aggravation the fact that Jeremy was 18 months old in sentencing defendant for cruelty to a child.

■ The defendant's second complaint is that her sentence is excessive and that the trial court abused its discretion in imposing the maximum extended-term sentence of six years' imprisonment. While defendant argues that probation is a preferred sentencing disposition

(Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)), we do not believe that probation is appropriate in every case. (*People v. Dale* (1979), 69 Ill. App. 3d 772, 775-76, 387 N.E.2d 418, 420-21.) The trial court specifically found that the sentence imposed upon defendant was necessary for the protection of the public and, therefore, properly followed the guidelines for imposing a prison term instead of a term of probation. Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(a)(1).

Furthermore, the trial court stated as its reasons for imposing sentence defendant's prior criminal history, the seriousness of the injury, and the need to deter defendant and others. The court clearly considered the factors under section 5—5—3.2(a) in imposing sentence upon defendant (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)), and the record supports the court's findings. With regard to defendant's prior criminal history, she was convicted of child neglect in 1977 and for contributing to the neglect of a child in 1981 after 11 of her children died in a fire at defendant's home while left unattended. Between 1977 and 1982, the Department of Children and Family Services had obtained temporary custody of defendant's children on three separate occasions. The trial court also had evidence before it of the severity of the burns Jeremy received, and defendant does not dispute the fact that she did not seek immediate medical care for her son. In light of the defendant's past performance in caring for her children and the prevalence of child neglect and abuse in our society, the trial court could find that the term of imprisonment imposed upon defendant would serve to deter defendant and others from such conduct.

■ Nor do we agree with defendant's contention that the trial court ignored the constitutional mandate that all penalties must be determined both according to the severity of the offense and with the objective of restoring the defendant to useful citizenship. (Ill. Const. 1970, art. I, sec. 11.) "A court *** is not required to give greater weight to the possibility of rehabilitation than to the seriousness of the offense." (*People v. Green* (1985), 136 Ill. App. 3d 361, 368, 483 N.E.2d 606, 612.) We hold that the sentence of imprisonment imposed upon defendant does not constitute an abuse of discretion. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.

The third issue raised by defendant is whether she is entitled to a $200 credit toward her fine because she had been incarcerated for 47 days prior to being convicted. The statute at issue provides that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated ***. However, in no case shall the amount so allowed or credited exceed

the amount of the fine." Ill. Rev. Stat. 1983, ch. 38, par. 110—14.

At the sentencing hearing, the trial court imposed fines, costs and fees totaling $300 upon defendant. According to the record, $159.09 constitutes a fine, $15.91 constitutes a surcharge and $25 constitutes a fine imposed under the Violent Crime Victims Assistance Fund. Defendant asserts that she should be given a credit of $5 for each of the 47 days she was incarcerated, entitling her to a credit of $200, the total of the above amounts. The State contends that defendant is not entitled to a credit toward her fines because she is also entitled to day for day credit against her term of imprisonment for the days incarcerated prior to conviction. Alternatively, the State asserts that defendant is entitled to a credit toward her fine of $159.09, but not toward the surcharge or the fine payable to the Violent Crime Victims Assistance Fund.

In *People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968, this court addressed the issue of credit against both a fine and a term of imprisonment for jail time served before conviction. Reasoning that there is nothing in the language of section 110—14 of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) or in the relevant case law to justify creating an exception for defendants who have received credit in the form of reduced sentences of imprisonment, we held that the defendant should be allowed credit against the fine entered even though he also received credit against his term of imprisonment for jail time served before conviction. (*People v. Young* (1981), 96 Ill. App. 3d 634, 636-37, 421 N.E.2d 968, 970-71. Accord, *People v. Smith* (1985), 133 Ill. App. 3d 613, 617, 479 N.E.2d 328, 331; *People v. Stevens* (1984), 125 Ill. App. 3d 516, 519, 466 N.E.2d 296, 298-99; but see *People v. Love* (1986), 140 Ill. App. 3d 651, 651-53, 489 N.E.2d 393, 393-94.) We conclude that defendant is entitled to a full credit against the total amount of the $159.09 fine for jail time served prior to conviction. We note that the State's contention that defendant only spent 42 days in jail prior to the conviction does not alter this decision.

Defendant also asserts that she should be allowed credit against the $25 fine payable to the Violent Crime Victims Assistance Fund. (Ill. Rev. Stat., 1983 Supp., ch. 70, par. 510(b)(1).) Defendant relies upon our decision in *People v. James* (1985), 133 Ill. App. 3d 623, 625-26, 479 N.E.2d 344, 346, where we construed payment to the Violent Crime Victims Assistance Fund to be a fine against which the defendant was entitled to a credit by virtue of section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14). We noted in *James* that, "section 510 of the Violent Crime Vic-

tims Assistance Act does not provide that the payment it imposes is excluded from the provisions of section 110—14 of the Code ***." (133 Ill. App. 3d 623, 625, 479 N.E.2d 344, 346.) The State argues that the recent amendment to section 10(b) (Ill. Rev. Stat. 1985, ch. 70, par. 510(b)), effective January 1, 1986, stating that any fine imposed under its terms is not subject to the provisions of section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) should be considered by this court as an expression of legislative intent in our interpretation of the original statute.

It is proper to consider a subsequent amendment as an expression of legislative intent as to the original statute. (*In re Marriage of Semmler* (1985), 107 Ill. 2d 130, 137, 481 N.E.2d 716, 719.) Defendant, however, cites *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 203, 443 N.E.2d 541, 547, for the proposition that, "[a]lthough the legislature may change the law as interpreted by the courts prospectively, it cannot retroactively alter a statute to overrule a decision of a reviewing court." Thus, defendant asserts that *James* controls all causes where the issue of credit for jail time served arose prior to January 1, 1986, the effective date of the amended statute.

*In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 443 N.E.2d 541, is distinguishable from the instant case. The dispute in *Cohn* centered on an amendment to section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 401(3)) declaring all bifurcated judgments entered prior to the effective date of the amendatory act valid as of the date of entry. (93 Ill. 2d 190, 200-01, 443 N.E.2d 541, 546.) In concluding that the amendment violated the principle of separation of powers, the court stated that the amendment " 'attempts to attribute to a statute, at the time of the reviewing court's opinion, a meaning different than that declared in the opinion and attempts to validate *all judgments* reserving such questions [custody, support, maintenance, and property disposition] that were [enacted] prior to the effective date of the [statute].' [Citation.]" (*Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 16, 483 N.E.2d 226, 232, quoting *In re Marriage of Cohn* (1982), 93 Ill. 2d 190, 206, 443 N.E.2d 541, 549.) Therefore, what the legislature may not do is pass a statute in an attempt to change the result of a decision which has been finally decided as between the parties to that case. *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 10, 483 N.E.2d 226, 230.

In the instant case, the legislature is not attempting a retroactive application of the amendment to section 10(b) of the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 510(b))

to those defendants who have already received a credit against fines imposed under the Act for jail time served prior to conviction. Moreover, this court is not being asked to apply the amendment so as to invalidate a final decision. We reached our decision in *James* by applying the plain meaning of the statute which, as originally enacted, made no distinction between fines based upon statutory origin. (*People v. James* (1985), 133 Ill. App. 3d 623, 625, 479 N.E.2d 344, 346.) It is logical and reasonable for us to consider our interpretation of the statute, in light of the amendment, with respect to defendants whose rights have not yet been finally decided. We conclude that defendant is not entitled to credit against the $25 fine imposed under the Violent Crime Victims Assistance Act for time spent in jail prior to conviction. Because we are simply considering the amendment, and not applying it retroactively, we reject defendant's argument that application of the amendment violates the *ex post facto* provisions of the United States Constitution. U.S. Const., art. I, secs. 9, 10.

■ Defendant's final contention is that the surcharge of $15.91 (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c)) constitutes a fine and is, therefore, subject to the credit provisions of section 110—14 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1983, ch. 38, par. 110—14.) Section 5—9—1(c) of the Unified Code of Corrections states that "[e]very fine imposed in sentencing for a criminal or traffic offense *** shall include an amount payable to the Traffic and Criminal Conviction Surcharge Fund ***." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c).) Amounts deposited in the fund are to be used for the training of law enforcement personnel. Ill. Rev. Stat. 1983, ch. 85, par. 509.

In construing ambiguous statutory provisions, this court is required to determine and give effect to the intent of the legislature. (*Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 897, 482 N.E.2d 367, 370.) While the language of a statute should be given its plain and ordinary meaning (*People v. Brown* (1982), 92 Ill. 2d 248, 256, 442 N.E.2d 136, 139), legislative intent is to be derived not only from the language used but also from the reasons for enactment and the purposes to be achieved, as well as the probable consequences of a proposed construction. *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 897, 482 N.E.2d 367, 370.

A reading of the statutory language in section 5—9—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c)) in conjunction with section 9.1 of "An Act to establish the Illinois Local Government Law Enforcement Officers Training Board ***" (Ill. Rev. Stat. 1983, ch. 85, par. 509.1), setting forth the means

of distribution of the funds, reveals that the disputed amount is referred to as other than a fine. For example, every fine shall include an amount payable to the Fund (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c)); such amounts payable shall be collected in addition to the fines and costs (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c)); and, in addition to every fine imposed an additional assessment payable to the Fund shall be imposed. Ill. Rev. Stat. 1983, ch. 85, par. 509.1.

The above statutory language evinces the legislature's intent to distinguish the amount payable to the Fund from any fines imposed. Furthermore, the purpose of providing financial assistance to the training of law enforcement personnel (Ill. Rev. Stat. 1983, ch. 85, par. 509) would be thwarted by subjecting the amounts payable to the Fund to the credit provisions of section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14). We conclude that defendant is not entitled to credit against the amount payable to the Fund, imposed under section 5—9—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(c)) for time served prior to conviction.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County with respect to the term of imprisonment imposed upon defendant. In view of the fact that defendant has paid in full all fines, costs and other amounts assessed against her, we modify defendant's sentence, with regard to these amounts, to reflect a full credit of $159.09 against the $159.09 fine for jail time served prior to conviction.

Affirmed as modified.

JONES, J., concurs.

PRESIDING JUSTICE KASSERMAN, dissenting:
I am unable to concur with the conclusion of the majority that the defendant is not entitled to credit against the $25 fine imposed under the Violent Crime Victims Assistance Act for the time she was incarcerated prior to her sentence; therefore, I respectfully dissent from that portion of the opinion.

Defendant was sentenced to imprisonment on February 22, 1985, at which time the court imposed fines, costs and fees, which included a $25 fine payable to the Violent Crime Victims Assistance Fund. One of the issues raised by defendant in the instant appeal is that she should be entitled to credit against such $25 fine under the provisions

of section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14), which provides for credit of $5 per day against a fine for each day that a defendant is incarcerated prior to his conviction. As noted by the majority, this court determined in *People v. James* (1985), 133 Ill. App. 3d 623, 479 N.E.2d 344, that a defendant was entitled to the section 110—14 credit against fines imposed under the Violent Crime Victims Assistance Act.

Section 10(b) of the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 510(b)) was amended effective January 1, 1986. This amendment provides, in pertinent part, that "[w]hen any person is convicted in Illinois after January 1, 1984," the court shall impose a fine "not subject to the provisions of Section 110—14 of the Code of Criminal Procedure of 1963." Relying upon *In re Marriage of Semmler* (1985), 107 Ill. 2d 130, 137, 481 N.E.2d 716, 719, the majority would disregard *James* and hold that it is proper to consider this amendment to the Violent Crime Victims Assistance Act as indicating an expression of legislative intent as to the original statute in spite of the fact that defendant was convicted and sentenced prior to its effective date.

Although the amendment was obviously intended to be made applicable to situations comparable to the instant cause (defendant's conviction after January 1, 1984), it is my conclusion that it is constitutionally impermissible in this regard in view of the fact that it violates the *ex post facto* provisions of the United States Constitution. U. S. Const., art. I, secs. 9, 10.

The defendant in the case at bar had pleaded guilty and been sentenced prior to the effective date of the amendment to the Violent Crime Victims Assistance Act. It is no more proper to deprive her of the credit to which she was entitled at the time of her sentencing under the decision of this court in *People v. James* (1985), 133 Ill. App. 3d 623, 479 N.E.2d 344, than it would be for this court to sanction a conviction for conduct that was not a criminal offense when it was performed.

Although I concur with the decision of the majority in all other respects, for the foregoing reason I would grant the defendant credit against the fine to be paid under the Violent Crime Victims Assistance Act.