THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM B. GARRISON, JR., Defendant-Appellant.

Fifth District   No. 5—85—0518

Opinion filed August 7, 1986.

KASSERMAN, P.J., dissenting.

Randy E. Blue and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of Mt. Vernon, and Joseph J. Ciaccio, Sr., of Springfield, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, William B. Garrison, Jr., was convicted of residential burglary by a jury in the circuit court of Jefferson County. Defendant was sentenced to the maximum unextended penal term for residential burglary, 15 years' imprisonment. On appeal, defendant contends that: (1) he was denied his right to a fair trial when the evidence of other crimes was admitted into evidence; and (2) that the sentence is an abuse of discretion.

We will recite the evidence introduced at trial which is necessary to decide the issues raised on appeal. Defendant contends that he was prejudiced by the testimony of witnesses that he had been armed with a .380 handgun at the time of the offense. In defendant's statement to investigating officers, he admitted that he was so armed. Evidence of other crimes alleged to have been committed by the defendant is not admissible to show the propensity to commit a crime in a criminal trial. (See *People v. Marine* (1977), 48 Ill. App. 3d 271, 277, 362 N.E.2d 454, 458.) This rule, however, does not bar the admission of evidence of other crimes if relevant to establish any material question such as motive, or if such evidence is intertwined with the offense charged; in short, if relevant to establish any material matter. (*People v. Stewart* (1985), 105 Ill. 2d 22, 59, 473 N.E.2d 840, 858.) Here, the evidence of defendant's possession of the handgun was intertwined with the instant offense and was relevant to defendant's motive in committing residential burglary.

Defendant next contends that he was prejudiced by evidence that he had sold or was attempting to sell property taken from the burglarized residence. We find the foregoing evidence corroborative of other witnesses' testimony that defendant had gone to the burglarized

premises with the intent to commit a theft. The possession of recently stolen property is a factor to be considered in determining whether a defendant is guilty of burglary. See *People v. Housby* (1981), 84 Ill. 2d 415, 424, 420 N.E.2d 151, 155.

In sentencing defendant, the court referred to defendant's prior record, which consists of a juvenile record and adult convictions for felony theft and burglary, to the premeditation of the crime, to defendant's possession of a loaded gun during the commission of the offense, and to the deterrence factor of the sentence to be imposed. Defendant contends that the court ignored defendant's cooperation with investigating authorities and ignored defendant's good employment record. The requirement that the trial judge set forth his reasons in the record for the particular sentence imposed does not obligate the judge to recite, and assign a value to, each fact presented in evidence at the sentencing hearing. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14.) Defense counsel argued for leniency based, in part, on defendant's cooperation with investigating authorities and the presentence investigation listed defendant's employment record. The defendant, having failed to ask the trial court what weight he had assigned to defendant's cooperation and his employment record, has waived that issue for purposes of appeal. (See *People v. Davis* (1982), 93 Ill. 2d 155, 163, 442 N.E.2d 855, 858.) Based upon the record on appeal, we find that the sentence imposed is not an abuse of discretion. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

Defendant lastly contends that he is entitled to credit against the court-imposed fine of $20 payable to the Violent Crime Victims Assistance Fund because he was incarcerated for more than four days prior to trial. Section 10 of the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 510) now provides that section 110—14 of the Code of Criminal Procedure of 1963, which provides for credit of $5 per day of pretrial incarceration against a fine levied on conviction (Ill. Rev. Stat. 1985, ch. 38, par. 110—14), does not apply to Violent Crime Victims Assistance Act fines. The previous form of section 10 of the Violent Crime Victims Assistance Act did not specifically address this issue (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510), and it is this previous form of the statute which pertains to the case at bar. The Illinois Appellate Court has disagreed as to whether the legislature intended to confer credit under the previous statute in light of its subsequent amendment. Credit was allowed in *People v. Smith* (1986), 141 Ill. App. 3d 797, 798, 491 N.E.2d 128, and denied in *People v. Williams* (1986), 142 Ill. App. 3d 266, 491 N.E.2d 941.

(See also *People v. James* (1985), 133 Ill. App. 3d 623, 479 N.E.2d 344, in which credit was allowed but the issue was not considered in light of the amendment to the statute.) A majority of the panel in the case at bar agrees with the reasoning in *Smith*. Accordingly, we modify defendant's sentence to reflect a credit for pretrial time served in the instant case.

For the foregoing reasons, we modify defendant's sentence to reflect a credit of $20 against the $20 fine, since defendant served more than four days of incarceration. In all other respects the judgment of the circuit court of Jefferson County is affirmed.

Affirmed as modified.

HARRISON, J., concurs.

PRESIDING JUSTICE KASSERMAN, dissenting:

I respectfully dissent.

The majority concludes that defendant should be granted credit against the court imposed fine of $20 payable to the Violent Crime Victims Assistance Fund, based on the fact that defendant was incarcerated for more than four days prior to the trial. I am unable to agree.

This court recently ruled that an accused is not entitled to credit against such fine for days spent in custody where that fine is payable to the Violent Crime Victims Assistance Fund. *People v. Williams* (1986), 142 Ill. App. 3d 266, 491 N.E.2d 941.

Although I dissented in *Williams* and hold an opinion contrary to that enunciated by the majority in *Williams*, and although a contrary result was reached by the court in *People v. Smith* (1986), 141 Ill. App. 3d 797, 491 N.E.2d 128, it is my conclusion that under the doctrine of *stare decisis* this court is bound by its decision in *Williams*.

For the foregoing reasons, I would reject defendant's contention that he is entitled to credit against the fine assessed against him payable to the Violent Crime Victims Assistance Fund for the time he was incarcerated prior to trial.