(No. 63846.—

(No. 63954.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRED HARE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES HOLZHAUER, Appellant.

*Opinion filed February 11, 1988.*

442

Neil F. Hartigan, Attorney General, of Springfield, and Edward F. Petka, State's Attorney, of Joliet (Kenneth R. Boyle, John X. Breslin, and Gerald P. Ursini, of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Stephen Omolecki, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

Daniel D. Yuhas, Deputy Defender, and Lawrence Bapst, Assistant Defender, of the Office of the State Ap-

pellate Defender, of Springfield, for appellant.

No appearance for appellee.

JUSTICE MILLER delivered the opinion of the court:

Section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14) provides a $5 credit, to be applied against a subsequently imposed fine, for each day spent in custody by an accused awaiting trial on a bailable offense. These appeals present the question whether a defendant is entitled to the monetary credit provided by section 110—14 if he has also received credit against a sentence of imprisonment for time spent in custody awaiting trial. An additional question raised in one of the appeals is whether the monetary-credit provision of section 110—14 applies to fines imposed under the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, pars. 501 through 511).

Fred Hare, the defendant in cause No. 63846, was convicted of armed robbery on July 2, 1985, following a bench trial in the circuit court of Will County. On July 25, 1985, the trial judge sentenced Hare to 6 years' imprisonment, with credit for 23 days Hare spent in custody on the charge before posting bond. The trial judge also imposed a $20 fine, as he was required to do under section 10(b) of the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b)), and ordered that the amount be deducted from Hare's bail deposit. Hare appealed, arguing that his $20 fine should have been deemed satisfied by operation of the $5-per-day credit provision of section 110—14. The appellate court agreed with Hare. (144 Ill. App. 3d 279.) Noting the division among the appellate districts on the question—the Fifth District had allowed credits against both fines and prison terms in *People v. James* (1985), 133 Ill.

App. 3d 623, and *People v. Young* (1981), 96 Ill. App. 3d 634, but the Second District had disallowed the double credit in *People v. Love* (1986), 140 Ill. App. 3d 651—the Third District in Hare's case held that there was no reason apparent in the statutory language or the case law to exclude from those given credit under section 110—14 that group of defendants who have also received credit against their terms of incarceration. In view of the length of time Hare spent in jail awaiting trial, the appellate court granted him a credit for the entire amount of his fine. We allowed the State's petition for leave to appeal. 107 Ill. 2d R. 315(a).

James Holzhauer, the defendant in cause No. 63954, pleaded guilty in the circuit court of Livingston County on November 3, 1980, to a charge of aggravated battery. The trial judge sentenced Holzhauer to 30 months' probation, ordered him to pay restitution of $1,692.50, and imposed a fine of $535, plus court costs (see Ill. Rev. Stat. 1979, ch. 38, par. 1005—9—1). The trial judge also sentenced Holzhauer to serve 109 days in the county jail, with credit for 109 days he had served while awaiting trial. Petitions to revoke Holzhauer's probation were filed on May 2, 1983, and May 13, 1985, alleging that he had failed to pay restitution. At the hearing on the first petition, it was established that Holzhauer had paid his fine and court costs but had not paid the required restitution. After each petition, Holzhauer's probation was revoked and he was resentenced to probation and directed to pay restitution. A third petition to revoke probation was filed on September 30, 1985. At the hearing on the petition, the trial judge found that Holzhauer had violated a condition of his probation by refusing to submit to a breath test, which would reveal alcohol consumption. The judge revoked Holzhauer's probation and sentenced him to a prison term of 3 years and 218 days, with credit for 126 days he had served in the county jail.

On appeal, Holzhauer argued that under section 110—14 he was also entitled to have credited against his fine $5 for each day he spent in custody awaiting trial. The Fourth District disagreed. (144 Ill. App. 3d 153.) Noting that the Second District disallowed the double credit in *People v. Love* (1986), 140 Ill. App. 3d 651, and the Fifth District allowed it in *People v. Young* (1981), 96 Ill. App. 3d 634, the court believed that allowing credit against both a term of imprisonment and a fine would be unfair to defendants posting bail, who would be required to serve their full prison terms and pay their entire fines. We allowed Holzhauer's petition for leave to appeal (107 Ill. 2d R. 315), and ordered his case consolidated with Hare's for our review.

Section 110—14 of the Code of Criminal Procedure of 1963 provides:

> "Credit for incarceration on bailable offense. Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine." Ill. Rev. Stat. 1983, ch. 38, par. 110—14.

The State argues that the legislature could not have intended for a defendant to receive a "double credit" against both a fine and a term of incarceration for time spent in jail awaiting trial. The State also suggests that equal protection problems would arise if the double credit were allowed to defendants who did not post bail. Finally, the State argues that applying the monetary-credit provision of section 110—14 against fines that are imposed under the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510), like defend-

ant Hare's, would frustrate the purposes of the Victims Act.

"The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.)" (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) Section 110—14 is not ambiguous. By its plain terms, it grants to an accused who is incarcerated while awaiting trial on a bailable offense a monetary credit against any fine imposed upon conviction of the offense. The terms of the statute do not limit its application to persons who receive only a fine upon conviction, nor does the statute exclude from its scope persons who have also received credit for time spent in custody awaiting trial against a later sentence of imprisonment. (See *People v. Young* (1981), 96 Ill. App. 3d 634, 636.) We can see no reason for reading such exceptions into the statute here. "There is no rule of [statutory] construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports" (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350), and it is not a court's function to " 'read into a statute exceptions, limitations, or conditions which depart from its plain meaning' " (*In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 120, quoting *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307). The nature, character, and extent of criminal penalties are essentially legislative matters (*People v. Taylor* (1984), 102 Ill. 2d 201, 205; *People v. Munziato* (1962), 24 Ill. 2d 432, 437), and therefore it is within the province of the legislature to determine the effect of pretrial custody on the sentences ultimately imposed upon a convicted defendant. There is nothing that prohibits the legislature from granting a defendant, for each day spent in cus-

tody awaiting trial, credits against both a term of imprisonment and a fine.

The State suggests that allowing credit against both a prison term and a fine for those who do not post bail unfairly discriminates against persons who do post bail. We do not agree. Those who have the financial ability to post bail may, of course, choose not to do so and elect instead to remain in custody so that they may be eligible for the two credits. It would appear that the State's reasoning would imperil the provisions standing alone, as well as in combination, for the same objection could be made against allowing a single credit.

Unless a legislative classification threatens fundamental constitutional rights or is directed toward a suspect group, in examining an equal protection challenge a court will limit its inquiry to determining whether the challenged classification is rationally related to further a legitimate State purpose. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 245.) Allowing a $5-per-day credit to persons who do not post bail does not threaten any right to bail, and persons who post bail are not a constitutionally suspect class. Because no fundamental right is threatened and no suspect class is involved, therefore, only the rational relationship analysis, rather than heightened scrutiny, is necessary in examining any classifications created by the effects of section 110—14.

A statute is presumed to be rational under the traditional equal protection analysis, and the burden is upon the person challenging the statute to demonstrate the impermissible nature of the classification created. (*Kaeding*, 98 Ill. 2d at 247.) The State has presented no reason why the legislature could not have determined that persons unable to post bail should receive a $5-per-day credit toward any fine they might receive, in addition to credit against any sentence of imprisonment imposed upon them. It is conceivable that the legislature

assumed that persons who are not in custody are more likely to retain employment than persons in custody, and therefore are better able to pay any fines subsequently imposed by the court. We conclude that allowing persons who do not post bail to receive credit against both the sentence of imprisonment and the fine imposed upon them following conviction does not offend equal protection.

The State's third objection here concerns only defendant Hare, whose fine was imposed pursuant to the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, pars. 501 through 511). At the time Hare was convicted and sentenced, section 10(b) of the Violent Crime Victims Assistance Act provided:

> "When any person is convicted in Illinois after January 1, 1984 of an offense listed below, the court which enters the conviction shall impose, in addition to any other penalty authorized by law, a fine in accordance with the following schedule:
>
> (1) $25.00, for conviction of a crime of violence, as defined in Section 2(c) of the 'Crime Victims Compensation Act' ***,
>
> (2) $20.00, for conviction of any other felony or misdemeanor, excluding any conservation offense." (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510(b).)

Hare's offense, armed robbery, was not included in the list of violent crimes referred to in section 10(b)(1), and therefore the trial judge imposed a $20 fine under section 10(b)(2).

The State contends that allowing the $5-per-day credit against fines such as Hare's would deprive the fund into which the fines are deposited of needed revenue and would frustrate the purposes of the Act.

After Hare was convicted and sentenced, the Violent Crime Victims Assistance Act was amended to exclude fines imposed under that statute from the operation of

the $5-per-day credit provision of section 110—14 of the Code of Criminal Procedure of 1963. As amended by Public Act 84—826, effective January 1, 1986, section 10(b) of the Violent Crime Victims Assistance Act provided:

> "When any person is convicted in Illinois after January 1, 1984 of an offense listed below, the court which enters the conviction shall impose, in addition to any other penalty authorized by law, a fine, not subject to the provisions of Section 110—14 of the Code of Criminal Procedure of 1963, as amended, in accordance with the following schedule: ***." (Ill. Rev. Stat. 1985, ch. 70, par. 510(b).)

The Violent Crime Victims Assistance Act was again amended by Public Acts 84—1313, 84—1391, and 84—1438, effective August 28, 1986, September 18, 1986, and December 22, 1986, respectively; the later amendatory acts continue to exempt victims fines from the operation of the $5-per-day credit provision. (See Ill. Rev. Stat., 1986 Supp., ch. 70, par. 510(b); Ill. Rev. Stat., 1987 Supp., ch. 70, par. 510(b).) The State argues that the recent amendments merely clarified the legislature's intent that fines imposed under that statute are not subject to the $5-per-day credit provision of section 110—14. We note that the results reached by the appellate court have been in conflict on the question whether the monetary credit is available to a defendant whose fine under the Violent Crime Victims Assistance Act was imposed before the effective date of Public Act 84—826. Compare *People v. Garrison* (5th Dist. 1986), 146 Ill. App. 3d 592, and *People v. Smith* (2d Dist. 1986), 141 Ill. App. 3d 797 (allowing credit), with *People v. Williams* (5th Dist. 1986), 142 Ill. App. 3d 266 (denying credit).

This court has held that an amendment to a statute may be a legislative attempt to clarify the meaning of the statute (see *Bruni v. Department of Registration &*

*Education* (1974), 59 Ill. 2d 6); this court has also recognized that a statutory amendment gives rise to the presumption that the new legislation was intended to effect a change in the law as it formerly existed (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 373). Whether a legislative modification of a statute is held to indicate an intent to change the law as it previously existed or only to clarify the terms of the law depends upon the circumstances involved. *Bruni*, 59 Ill. 2d at 12.

Generally, in cases in which a subsequent statutory amendment has been construed as a clarification rather than a change in the meaning of a statute, some ambiguity existed in the statute prior to the amendment, and the statutory language, as it originally existed, did not disclose clearly the intent of the legislature. (See, *e.g., People v. Rink* (1983), 97 Ill. 2d 533; *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366; *Bruni*, 59 Ill. 2d 6.) But when the import of the original statutory language is clear, the court has declined to view an amendment as merely clarifying the legislature's original intention. (*Roth v. Yackley* (1979), 77 Ill. 2d 423.) Thus, clear and unambiguous statutory language provides a better indicator of original legislative intent than does a subsequent amendment, which, as this court has noted, is equivocal in nature and may indicate either a change in policy by the legislature or its intent to correct an erroneous interpretation of the statute. *People ex rel. Clark v. Village of Wheeling* (1962), 24 Ill. 2d 267, 268-69.

Neither the language of section 110—14 of the Code of Criminal Procedure of 1963 nor the language of section 10 of the Victims Act is ambiguous or unclear. At the time of defendant Hare's conviction, section 10 of the Violent Crime Victims Assistance Act provided that upon a defendant's conviction of specified offenses, the court was to impose, in addition to any other penalties, a fine; fines required under that statute are to be imposed

by the judge at the same time other fines and penalties are imposed and are to be collected in the same manner as other fines. (See 1984 Ill. Att'y Gen. Op. 72; Ill. Rev. Stat., 1986 Supp., ch. 38, par. 1005—9—1.) Thus, when defendant Hare was convicted and sentenced, the fine required by the Violent Crime Victims Assistance Act fell within the $5-per-day credit provision of section 110—14.

The State's argument in this regard appears to rest entirely on the supposed clarification made by Public Act 84—826 to section 10(b) of the Violent Crime Victims Assistance Act. Accordingly, we do not construe the State's position to be that the legislature intended the amendment to apply retroactively by altering the clear meaning of an unambiguous statute. The legislature did not purport to make the amendment retroactive (*cf. Braun v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1985), 108 Ill. 2d 119), and such an attempt could run afoul of the Federal constitutional prohibition of State *ex post facto* legislation (U.S. Const., art. I, §10, cl. 1; see *Miller v. Florida* (1987), 482 U.S. ____, 96 L. Ed. 2d 351, 107 S. Ct. 2446), as well as the *ex post facto* prohibition of our own constitution (Ill. Const. 1970, art. I, §16).

We conclude that the $5-per-day credit provision of section 110—14 of the Code of Criminal Procedure of 1963 is available to defendants who also receive jail-time credit against their prison terms. We also conclude that the monetary credit is available to defendants who were fined pursuant to the Violent Crime Victims Assistance Act and whose convictions predate the effective date of the amendment denying that credit. Accordingly, the judgment of the appellate court denying credit against the fine of defendant Holzhauer is reversed, and the cause is remanded to the circuit court of Livingston County with directions that credit be given against the

fine in accordance with this opinion; the judgment of the appellate court granting credit against the fine of defendant Hare is affirmed.

*No. 63846 — judgment affirmed.*
*No. 63954 — judgment reversed;*
*cause remanded with directions.*