THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL J. PLANTE, Defendant-Appellant.

Second District    No. 2—92—0221

Opinion filed December 6, 1993.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, and David W. Devinger, of Woodstock, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville, Constance Augsburger, of Mt. Morris, and Jay Wiegman, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Michael J. Plante, was convicted of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a) (now 720 ILCS 5/19—1(a) (West 1992))) after a bench trial. On appeal, defendant contends that (1) the

trial court should not have imposed a fine and ordered restitution in an amount equal to the bail posted for him by a third person without first considering his ability to pay that amount and (2) he is entitled to a $5 credit against his fine for each of the nine days he spent in the county jail prior to trial. We modify the sentence.

The defendant was charged with the offense of burglary stemming from the theft of a stereo from a parked automobile. He was taken into custody on June 5, 1991, and on June 14 he was released when his ex-girlfriend posted $1,000 as a 10% cash deposit on his bond. On January 2, 1992, the court tried the case and found the defendant guilty. On that same date, the court revoked the defendant's bond and remanded him to the custody of the Kendall County sheriff. The defendant's presentence report revealed, among other things, that the defendant had noncash assets valued at $2,900 and debts in the amount of $1,200. The report also revealed that the defendant was unemployed and lived with his mother.

The trial court held a sentencing hearing on January 30, 1992. After reviewing the presentence report and hearing evidence in aggravation and mitigation, the trial court sentenced the defendant to four years' imprisonment in the Department of Corrections, with credit for time served and two years' mandatory supervised release. The trial court also imposed a $483 fine and ordered restitution to the victim in the amount of $417. The court ordered that both the fine and restitution be deducted from the defendant's bond. In doing so the court stated:

> "Of the one thousand dollar bond that has been posted, there is the ten percent that goes to the Clerk's Office, *** four hundred and seventeen dollars shall be paid to the victim in the form of restitution, and that the balance of four hundred eighty-three dollars be applied as a fine and costs herein."

The defendant filed a timely notice of appeal.

■ The defendant's first argument on appeal is that the trial court committed error by imposing a fine and restitution to be taken out of his bond without making a determination of his ability to pay or acknowledging that the bond money was posted by a third person. The defendant acknowledges that he failed to preserve this issue for appeal by failing to raise this issue in the trial court in the form of a motion to reconsider his sentence. (See *People v. Wallace* (1991), 143 Ill. 2d 59, 60 (the filing of a motion to reconsider sentence is a prerequisite to an appeal from that sentence).) He requests that we review this issue as plain error.

Under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)), we may find an exception to waiver in the case of plain error affecting substantial rights. Reliance on Rule 615(a) is discretionary with the appellate court, and the rule will be invoked only when the evidence in a criminal case is closely balanced, or when the error is so significant as to have deprived the defendant of a fair trial. (*People v. Herrett* (1990), 137 Ill. 2d 195, 209-10.) In this case, we find neither closely balanced evidence nor the deprivation of a fair trial. Consequently, we find that the defendant has waived the above-stated argument.

The defendant also claims that he is entitled to a $45 credit against his fine for the nine days he spent in jail prior to his trial. The defendant acknowledges that he failed to preserve this issue for appeal because he did not file an application for credit in the trial court. He nevertheless contends that the issue is not waived on appeal because the clerk of the circuit court never advised him that he was entitled to this credit.

Section 110—14 of the Code of Criminal Procedure of 1963 (Code) states that "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." (Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)).) The defendant correctly notes that the clerk of the circuit court must notify a defendant of this provision upon his conviction (Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992))) and that a defendant who fails to make a request for the credit in the trial court does not waive the issue on appeal where the record does not show that the circuit court clerk notified the defendant of his right to the credit (*People v. Joseph* (1988), 176 Ill. App. 3d 636, 642). Given the absence of a showing of notice, we consider the argument's merits.

In opposing the defendant's prayer for $45, the State relies on *People v. Hare* (1988), 119 Ill. 2d 441. It asserts that section 110—14 does not apply to the defendant because he did, ultimately, post bail. The State notes that the *Hare* court observed that a defendant who is allowed bail and has the means to pay may elect whether to pay; it also observed that if a defendant remains in custody, he retains his entitlement to a section 110—14 credit for the custodial period. *Hare*, 119 Ill. 2d at 448-49.

We find that the *Hare* analysis does not address the State's particular argument here. Nor does any other authority of which we are aware. Furthermore, existing case law conflicts with the State's position. (See *People v. Winkler* (1979), 77 Ill. App. 3d 35, 36.) With ref-

erence to *Winkler*, and in the absence of any contrary law, we rely on the plain language of section 110—14. (See *Hare*, 119 Ill. 2d at 447.) We find that section 110—14 makes no exception for defendants who are temporarily incarcerated on a bailable offense, but who eventually are released upon the payment of bail. Under the plain language of section 110—14, the defendant was entitled to the $5-a-day credit for the days he did not supply bail and was, thus, held in jail while awaiting trial.

Based on the foregoing, we modify the defendant's sentence imposed by the circuit court of Kendall County, to show a $45 credit against his $438 fine.

Affirmed as modified.

WOODWARD and QUETSCH, JJ., concur.