649 N.E.2d 369 (1995)
165 Ill.2d 80
208 Ill.Dec. 313
The BOARD OF EDUCATION OF ROCKFORD SCHOOL DISTRICT NO. 205, Appellee,
v.
The ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD et al., Appellants.
Nos. 77003, 77013.
Supreme Court of Illinois.
March 23, 1995.
Roland W. Burris and James E. Ryan, Attys. Gen., Springfield (Rosalyn B. Kaplan, Solicitor Gen., and Rita M. Novak, Asst. Atty. Gen., Chicago, of counsel), for appellant Ill. Educational Labor Relations Bd.
Gregory J. Malovance and Adam S. Kosh, Winston & Strawn, and Robert P. Lyons, all of Chicago, and Mitchell E. Roth, Springfield, for appellant Rockford Educ. Ass'n, IEA-NEA.
Thomas A. Bueschel, of Conde, Stoner & Killoren, Rockford, for appellee.
S. Jeff Funk of Miller, Tracy, Braun & Wilson, Ltd., Monticello, for amicus curiae Ill. Ass'n of School Bds.
*370 Chief Justice BILANDIC delivered the opinion of the court:
This appeal arises from the direct administrative review of an order of the Illinois Educational Labor Relations Board (Board). The Board determined, inter alia, that the Board of Education of Rockford School District No. 205 (District) had violated section 14(a)(8) and, derivatively, section 14(a)(1) of the Illinois Educational Labor Relations Act (Act) (Ill.Rev.Stat.1989, ch. 48, pars. 1714(a)(8), (a)(1)), by failing to comply with an arbitration award. The appellate court reversed this portion of the Board's order. (258 Ill.App.3d 859, 196 Ill.Dec. 252, 629 N.E.2d 797.) We allowed the petitions for leave to appeal submitted by the Board and the Rockford Education Association (145 Ill.2d R. 315).

FACTS
On October 25, 1988, Dr. Peter Wehrle (Wehrle), a tenured teacher employed by the District, was involved in a physical altercation with his students. He was subsequently informed by the District that he was suspended. The District, however, offered Wehrle the opportunity for a due process hearing, which was scheduled for November 8, 1988. That hearing was rescheduled at Wehrle's request to November 14, 1988.
On November 14, 1988, Wehrle declined to appear on the advice of counsel pending the resolution of a criminal investigation. The District nevertheless reviewed Wehrle's conduct during the October 25, 1988, incident. The District determined that, although his conduct was cause for dismissal, it was remediable. It therefore issued to Wehrle a formal "notice to remedy" pursuant to section 24-12 of the School Code (Ill.Rev.Stat.1989, ch. 122, par. 24-12). In February 1989, Wehrle successfully completed his remediation period.
Shortly thereafter, Wehrle filed a grievance in which he alleged, in relevant part, that the District had violated article 14, section B, of the 1988-89 collective-bargaining agreement, which was in effect at the time of the incident. Article 14, section B, of that agreement (the "just cause" provision) provided that "[e]very staff member has the right to fair and equitable treatment and accordingly shall not be acted against except for just cause." In his grievance, Wehrle sought an order directing cancellation of the "notice to remedy" and removal of all printed materials relating thereto from all District files. The District declined to rescind the "notice to remedy."
On January 5, 1990, Wehrle demanded arbitration of the grievance. The District filed a motion to dismiss the grievance. In its motion, the District asserted its exclusive authority to determine the propriety of the issuance of a "notice to remedy" pursuant to sections 10-22.4 and 24-12 of the School Code (Ill.Rev.Stat.1989, ch. 122, pars. 10-22.4, 24-12). The District also contended that its authority was not delegable and therefore the arbitrator was without authority or jurisdiction to issue an award. The arbitrator denied the motion to dismiss.
On June 28, 1990, the arbitrator issued an arbitration award ruling that the District had violated article 14, section B, of the parties' collective-bargaining agreement by not according Wehrle fair and equitable treatment and by acting against him without just cause. The arbitrator directed that the "notice to remedy" be rescinded and all printed material relating to the incident be removed from Wehrle's personnel records.
On September 4, 1990, the District notified Wehrle that the arbitrator's award was void because the arbitrator lacked jurisdiction to hear an arbitration matter regarding the authority of a board of education to issue a "notice to remedy." The District has, therefore, refused to comply with the arbitration award.
On November 7, 1990, the Rockford Education Association (Association) filed an unfair labor practice charge with the Board against the District alleging that the District had violated sections 14(a)(1) and 14(a)(8) of the Act (Ill.Rev.Stat.1989, ch. 48, pars. 1714(a)(1), (a)(8)) by refusing to comply with the arbitration award. After a hearing on the charge, the administrative law judge issued a recommended decision and order. He concluded that the District had not violated section 14(a)(8) and, derivatively, section *371 14(a)(1) of the Act because the grievance that was the subject of the arbitration was "inarbitrable" under section 10(b) of the Act.
Thereafter, upon filing of exceptions by the Association, the Board issued an order which rejected the administrative law judge's recommendation. The Board held that the arbitration award was not inconsistent with section 10(b) of the Act and was therefore a legally binding award. The Board held that the District violated section 14(a)(8) and, derivatively, section 14(a)(1) of the Act by failing to comply with the arbitrator's award. Ill.Rev.Stat.1989, ch. 48, pars. 1714(a)(8), (a)(1).
The District and the Association filed petitions for review with the appellate court. The appellate court reversed the Board's decision. (258 Ill.App.3d 859, 196 Ill.Dec. 252, 629 N.E.2d 797.) It found the implementation of the "just cause" provision of the collective-bargaining agreement with respect to a "notice to remedy" to be inconsistent and conflicting with sections 10-22.4 and 24-12 of the School Code (Ill.Rev.Stat.1989, ch. 122, pars. 10-22.4, 24-12) and, therefore, that the arbitration award violates section 10(b) of the Act (Ill.Rev.Stat.1989, ch. 48, par. 1710(b)). (258 Ill.App.3d at 871-72, 196 Ill.Dec. 252, 629 N.E.2d 797.) Consequently the court concluded that the arbitrator's award was not binding and not enforceable.
The court also found that the District had provided Wehrle with the opportunity for a hearing before the District's board of education on the issue of the "notice to remedy." Because Wehrle did not attend the scheduled hearing, he cannot now complain about having no opportunity to challenge the issuance of the "notice to remedy." (258 Ill.App.3d at 872, 196 Ill.Dec. 252, 629 N.E.2d 797.) The court refused to rule on whether the District could rely on the "notice to remedy," which would remain in Wehrle's file, in any future disciplinary decisions. 258 Ill.App.3d at 873, 196 Ill.Dec. 252, 629 N.E.2d 797.
The Board and the Association each filed a petition for leave to appeal. We granted the petitions of both parties and consolidated the appeals. We also allowed the Illinois Association of School Boards to submit a brief as amicus curiae in support of the District's position. For the reasons that follow, we affirm the decision of the appellate court.

PREFATORY NOTE
This appeal arose from the Board's decision that the District had violated section 14(a)(8) and, derivatively, section 14(a)(1) of the Act (Ill.Rev.Stat.1989, ch. 48, pars. 1714(a)(8), (a)(1)) by failing to comply with the arbitration award. Both of these sections address unfair labor practices. Section 14(a)(8) renders the refusal to comply with the provisions of a binding arbitration award an unfair labor practice. (Ill.Rev.Stat.1989, ch. 48, par. 1714(a)(8).) Section 14(a)(1) prohibits, as an unfair labor practice, educational employers, their agents or representatives from interfering, restraining, or coercing employees in the exercise of their rights under the Act. (Ill.Rev.Stat.1989, ch. 48, par. 1714(a)(1).) In considering whether the District's failure to comply with an arbitration award violates section 14(a)(8) and, derivatively, section 14(a)(1), we must first determine whether the arbitration award is binding under the Act. Therefore, the principal issue before this court is whether a binding arbitration award exists.

ANALYSIS
The determination of whether an arbitration award is binding is governed by section 10(b) of the Act (Ill.Rev.Stat.1989, ch. 48, par. 1710(b)). Section 10(b) governs the legality of collective-bargaining provisions and the enforcement of arbitration awards that rely on such provisions. If an arbitration award violates section 10(b), it is not a valid and binding award. Section 10(b) provides, in pertinent part:
"The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of Illinois. The parties to the collective bargaining process may effect or implement a provision in a collective bargaining agreement if the implementation of that provision has the effect of supplementing *372 any provision in any statute or statutes enacted by the General Assembly of Illinois pertaining to wages, hours or other conditions of employment * * *." (Emphasis added.) Ill.Rev.Stat.1989, ch. 48, par. 1710(b).

1. Principles of Statutory Construction
In construing section 10(b), we must ascertain and give effect to the intent of the legislature. (People v. Hare (1988), 119 Ill.2d 441, 447, 116 Ill.Dec. 664, 519 N.E.2d 879; see 2A N. Singer, Sutherland on Statutory Construction § 45.05 (5th ed. 1992).) The language of the statute generally provides the best evidence of the legislature's intent. (Hare, 119 Ill.2d at 447, 116 Ill.Dec. 664, 519 N.E.2d 879.) Where the statutory language is clear and unambiguous, the plain and ordinary meaning of the words will be given effect without resorting to extrinsic aids for construction (e.g., statutes from other States). People ex rel. Baker v. Cowlin (1992), 154 Ill.2d 193, 197, 180 Ill.Dec. 738, 607 N.E.2d 1251.
Here, the appellate court found that the arbitration award violates section 10(b) of the Act because it is inconsistent and conflicts with sections 10-22.4 and 24-12 of the School Code (Ill.Rev.Stat.1989, ch. 122, pars. 10-22.4, 24-12). The Board and the Association urge this court to reverse the appellate court's decision. They argue that this court should interpret section 10(b) as prohibiting a particular provision of a collective-bargaining agreement only when such provision would be in violation of, inconsistent with or in conflict with a specific statutory directive. According to the Board and the Association, section 10(b) prohibits enforcement of a provision in arbitration only "if a specific statutory directive explicitly and definitively prohibits an educational employer from making an agreement as to a particular term or condition of employment. As support for their construction of section 10(b), the Board and the Association rely upon a Pennsylvania decision (Pennsylvania Labor Relations Board v. State College Area School District (1975), 461 Pa. 494, 337 A.2d 262) that construes a statutory provision similar to section 10(b).
The Board and the Association contend that this court must consider the Pennsylvania court's interpretation of its statute (Pa. Stat.Ann. tit. 43, § 1101.201 et seq. (1991)) when we construe section 10(b) of our act. They rely on Central City Education Association v. Illinois Educational Labor Relations Board (1992), 149 Ill.2d 496, 174 Ill. Dec. 808, 599 N.E.2d 892, as support for their claim. We conclude, however, that Central City is distinguishable. In Central City, this court was asked to determine what issues are mandatory subjects of bargaining under the same act that is the subject of this appeal. The Central City court stated that the Pennsylvania statute and the Pennsylvania court's interpretation of that statute were relevant in determining what issues were mandatory subjects of bargaining under our act. (Central City, 149 Ill.2d at 513, 174 Ill.Dec. 808, 599 N.E.2d 892.) We note, however, that the Central City court found an ambiguity in the Act because two sections of the Act, namely sections 10(a) and 4, appeared to conflict with each other. Because the statutory language at issue in Central City was ambiguous, the court resorted to sources outside of the plain language of the statute to resolve this ambiguity.
Here, on the other hand, we find that the language of section 10(b) is clear and unambiguous such that resort to extrinsic aids for construction is unnecessary. Section 10(b) unequivocally states that any provision in a collective-bargaining agreement that is "in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of Illinois" shall not be effected or implemented. (Ill.Rev.Stat. 1989, ch. 48, par. 1710(b).) There is no reference to a specific statutory directive, as advocated by the Board and the Association. We therefore hold that, where a provision in a collective-bargaining agreement is in violation of, or inconsistent with, or in conflict with any Illinois statute, section 10(b) prohibits its implementation in an arbitration award. Under these circumstances, an arbitration award would not be binding and could not be enforced.

*373 2. Application of Section 10(b)
Having established the proper construction of section 10(b), we return to our inquiry of whether the arbitration award in the instant appeal is binding. As stated, the arbitration award directs that the "notice to remedy" be rescinded and all printed materials relating to the incident be removed from Wehrle's personnel records. The arbitrator granted this relief to Wehrle based upon his ruling that the District violated the "just cause" provision of the collective-bargaining agreement. If, however, the "just cause" provision is "in violation of, or inconsistent with, or in conflict with" an Illinois statute, then it cannot be implemented in the arbitration award. The appellate court found that the "just cause" provision is inconsistent and conflicts with sections 10-22.4 and 24-12 of the School Code (Ill.Rev.Stat.1989, ch. 122, pars. 10-22.4, 24-12).
Section 10-22.4 of the School Code gives a school board the following power:
"To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause, to dismiss any teacher who fails to complete a 1-year remediation plan with a `satisfactory' or better rating and to dismiss any teacher whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it, subject, however, to the provisions of Sections 24-10 to 24-15, inclusive." (Ill.Rev.Stat.1989, ch. 122, par. 10-22.4.)
Section 24-12 of the School Code provides:
"If a dismissal or removal is sought for any other reason or cause, including those under Section 10-22.4, the board must first approve a motion containing specific charges by a majority vote of all its members. Written notice of such charges shall be served upon the teacher within 5 days of the adoption of the motion. Such notice shall contain a bill of particulars. No hearing upon the charges is required unless the teacher within 10 days after receiving notice requests in writing of the board that a hearing be scheduled, in which case the board shall schedule a hearing on those charges before a disinterested hearing officer on a date no less than 15 nor more than 30 days after the enactment of the motion. * * *
Before setting a hearing on charges stemming from causes that are considered remediable, a board must give the teacher reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges." Ill.Rev.Stat.1989, ch. 122, par. 24-12.
The Board and the Association argue that implementation of the "just cause" provision supplements sections 10-22.4 and 24-12 of the School Code, and therefore is not prohibited by section 10(b) of the Act. The second sentence of section 10(b) authorizes the parties to a collective-bargaining process to implement a provision in a collective-bargaining agreement "if the implementation of that provision has the effect of supplementing" any provision in any Illinois statute pertaining to wages, hours or other conditions of employment. (Ill.Rev.Stat.1989, ch. 48, par. 1710(b).) According to the Board and the Association, the School Code contains no provision concerning the removal of a "notice to remedy" following successful remediation. Therefore, the availability of a grievance-arbitration process for challenging the propriety of a "notice to remedy" supplements the rights afforded under the School Code.
This court has not previously examined section 10(b) with regard to sections 10-22.4 and 24-12 of the School Code. While we acknowledge that section 10(b) permits a provision in a collective-bargaining agreement to supplement a statute pertaining to wages, hours or other conditions of employment, it does not allow such supplementary language to be "in violation of, or inconsistent with, or in conflict with" the School Code. After examining sections 10-22.4 and 24-12 of the School Code, we find that implementation of the "just cause" provision through a grievance-arbitration procedure does not supplement the requisite provisions of the School Code. Rather, it is inconsistent and conflicts with sections 10-22.4 and 24-12 of the School Code.
Sections 10-22.4 and 24-12 provide mandatory procedural requirements for a school board's dismissal of a tenured teacher. Section *374 10-22.4 grants a school board the authority to dismiss a teacher. Section 24-12 prescribes the procedure for the dismissal of a tenured teacher pursuant to section 10-22.4. Specifically, section 24-12 requires a school board to provide a tenured teacher with a written warning when the teacher's conduct is found to be remediable. (Ill.Rev. Stat.1989, ch. 122, par. 24-12.) A "notice to remedy" represents such a warning. It notifies a teacher that, unless his or her conduct is corrected, he or she may face charges subject to dismissal. From the above it is evident that the procedural requirements for dismissal incorporate the school board's duty to make the initial determination of whether a teacher's conduct is remediable. In essence, a corollary to the school board's power to dismiss is its corresponding duty to issue a "notice to remedy" under the appropriate circumstances. Therefore, we find that the issuance of a "notice to remedy" is an integral part of the statutory scheme for dismissal.
Here, the District, in compliance with sections 24-12 and 10-22.4, issued Wehrle a "notice to remedy" and thereby afforded him an opportunity to remove the causes which would otherwise be grounds for dismissal. The District's issuance of the "notice to remedy" occurred within the confines of the School Code's statutory removal process. By requiring the rescission of the "notice to remedy," the arbitrator relied on the collective-bargaining agreement's "just cause" provision to ultimately challenge the District's decision to issue a "notice to remedy."
We find that the implementation of the "just cause" provision in arbitration is inconsistent and conflicts with the mandates established pursuant to section 24-12 of the School Code. As noted, section 24-12 recognizes the school board's dismissal authority under section 10-22.4 and prescribes the process for dismissal. We agree with the appellate court that to allow an arbitrator to decide whether a school board acted with just cause in issuing a "notice to remedy" against a tenured teacher is inconsistent and conflicts with the School Code, which grants the power of dismissal to the school board. As an integral part of the School Code's dismissal process, the District is given the authority to issue a "notice to remedy" when it determines that causes for dismissal are nevertheless remediable. The "just cause" provision challenges that authority and provides a duplicate method for ultimately challenging the process for dismissal. As a result, the grievance arbitration proceeding which relies on the "just cause" provision to contest a "notice to remedy" is prohibited by the dictates of section 10(b) of the Act.

CONCLUSION
The arbitrator's award declaring that the District acted against Wehrle in issuing a "notice to remedy" without just cause is prohibited by section 10(b) of the Act because it is inconsistent and conflicts with sections 10-22.4 and 24-12 of the School Code. Therefore, the arbitration award is not binding and cannot be enforced. Thus, the District could not have committed an unfair labor practice by failing to comply with it.
For these reasons, we affirm the judgment of the appellate court, which set aside the Board's holding that the District violated sections 14(a)(8) and, derivatively, 14(a)(1) of the Act.
Affirmed.