JUSTICE NEVILLE, concurring in part and dissenting in part: I respectfully dissent because I believe the majority erred when it affirmed the trial court’s order directing the defendant to pay $100 to the Trauma Center Fund, pursuant to section 5 — 9—1.1(b) of the Unified Code of Corrections (Code). 730 ILCS 5/5 — 9—1.1(b) (West 2004). I concur with the court’s holding in People v. Joseph, 176 Ill. App. 3d 636, 642 (1988), where the Joseph court reviewed section 5 — 9—1.1(b) of the Code and made the following statement: “The language of section 5 — 9—1.1 is clear and unambiguous and does not indicate an intent to exclude fines imposed under this section from the $5-a-day credit allowed under section 110 — 14. (See People v. Hare (1988), 119 Ill. 2d 441, 519 N.E.2d 879.) In Hare, our supreme court addressed and rejected a similar argument with respect to a fine imposed under sections 1 through 11 of the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, pars. 501 through 511), prior to its amendment expressly excluding the $5-a-day credit allowed pursuant to section 110 — 14. Any attempt to deny a defendant this credit, mandated by section 110— 14, must be accomplished by the legislature. See People v. Hare (1988), 119 Ill. 2d 441, 519 N.E.2d 879.” Joseph, 176 Ill. App. 3d at 642. I believe that had the legislature intended to exclude section 5 — 9— 1.1(b) from such credits, it would have specifically made such an exclusion. Therefore, while I dissent because I believe that we should follow Joseph and hold that the defendant is entitled to a setoff against his trauma fund fine (Joseph, 176 Ill. App. 3d at 642), I concur in the remainder of the opinion.