No. 2--06--0212      Filed: 2-1-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 02--CF--2571 |
| CARMEN G. RIVERA, | ) ) ) | Honorable Grant S. Wegner, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Following a bench trial, defendant, Carmen G. Rivera, was convicted of unlawful possession of a controlled substance with intent to deliver. 720 ILCS 570/401(a)(2)(D) (West 2000). The trial court sentenced her to 15 years' imprisonment and allowed 116 days' credit against her sentence for time served. The court also ordered defendant to pay a $212 DNA analysis fee and a $3,000 statutory controlled-substance assessment. The court did not award any monetary credit against the drug assessment (725 ILCS 5/110--14 (West 2000)), and it denied defendant's motion to reconsider. Defendant appeals, arguing that she should receive a $580 credit against her drug assessment for the 116 days she served in custody. We agree and order the clerk of the circuit court to issue a corrected mittimus.

Defendant was arrested on November 12, 2002, and was released on bond on November 14, 2002. On September 12, 2003, defendant waived a trial by jury, and the bench trial began on

February 18, 2004. The trial court found defendant guilty and revoked her bond on November 3, 2005. On February 10, 2006, the court pronounced sentence, but stayed entry. On February 23, 2006, the trial court entered a judgment order, allowing credit for the 116 days defendant had served in custody.

Defendant argues that the trial court should have awarded her a monetary credit under section 110--14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110--14 (West 2000)) against her drug assessment. She asserts that, although she did not apply for the monetary credit in the trial court, the credit must nevertheless be allowed. According to defendant, because there is no dispute concerning the number of days she served in the county jail--116 days--or the amount of the credit--$5 per day--this court should order the circuit court clerk to amend the mittimus to show a $580 credit against her $3,000 drug assessment.

Preliminarily, we note that, although defendant did not request the credit in the trial court, section 110--14 of the Code provides a mandatory right that cannot be waived. See People v. Woodard, 175 Ill. 2d 435, 457 (1997) ("the right is cognizable on appeal as a matter of course subject to a defendant's application for it"). Accordingly, we address defendant's argument.

The construction of a statute is a question of law, which we review de novo. People v. Cordell, 223 Ill. 2d 380, 389 (2006). The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. People v. Hickman, 163 Ill. 2d 250, 261 (1994). The language of a statute is the best means of determining legislative intent. Hickman, 163 Ill. 2d at 261. Where statutory language is clear and unambiguous, its plain meaning will be given effect. However, where the language is ambiguous, we may consider extrinsic aids of construction to resolve the ambiguity

and determine legislative intent. Hickman, 163 Ill. 2d at 261. "Generally, penal statutes are strictly construed in the defendant's favor." People v. Salley, 373 Ill. App. 3d 106, 110 (2007).

Section 110--14 of the Code provides, in relevant part: "[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." (Emphasis added.) 725 ILCS 5/110--14 (West 2000).

The State concedes that defendant was entitled to a monetary credit for the three days she spent in custody prior to supplying bond and requests that this court modify the judgment to reflect a $15 credit against defendant's $3,000 controlled-substance assessment. However, it contends that defendant is not entitled to the $5-per-day credit for the 113 days between the date she was found guilty and her bond was revoked and her sentencing date. The State asserts that section 110--14 of the Code does not apply to defendant after she was found guilty. According to the State, the presumption that "[a]ll persons shall be bailable before conviction" (725 ILCS 5/110--4(a) (West 2000)) is rebutted once an accused has been found guilty. See 725 ILCS 5/110--6.2(a) (West 2000) (court "shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence be held without bond unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released" on bond). It reasons that the statute's removal of the presumption that a defendant is bailable upon a guilty finding renders his or her offense not "bailable" under section 110--14 of the Code.

In People v. Smith, 258 Ill. App. 3d 261 (1994), we held that section 110--14 of the Code applies any time a defendant is incarcerated during the period from pretrial up to sentencing. Smith,

258 Ill. App. 3d at 270. We noted that the statute neither expressly applies only to periods of incarceration occurring before trial, nor expressly excludes incarceration during a trial or following a guilty finding but before sentencing. Smith, 258 Ill. App. 3d at 268. We interpreted the phrase "who does not supply bail" to mean that the credit is not meant only for pretrial incarceration, because bail may be supplied at any time during or after trial, if certain conditions are met. Smith, 258 Ill. App. 3d at 268-69, citing 725 ILCS 5/110--6.2(a) (West 2000). We explained that a defendant would be incarcerated during the pretrial or presentencing period if he or she could not supply bail; thus, such a defendant would remain "incarcerated on a bailable offense" until the trial process was complete and, for each day "so incarcerated," the defendant is entitled to credit. Smith, 258 Ill. App. 3d at 269. We also noted that the statute's use of the term "conviction" included the entry of sentence and, consequently, a defendant is entitled to the credit against a fine for all of the days of incarceration until the sentence and the fine are imposed. Smith, 258 Ill. App. 3d at 270.

Similarly, in People v. Bennett, 246 Ill. App. 3d 550 (1993), the Third District rejected the State's argument that the section 110--14 credit did not apply because the defendant was incarcerated after a guilty finding and was held without bail pursuant to the trial court's order. Bennett, 246 Ill. App. 3d at 551. The court held that the defendant was incarcerated on a "bailable" offense and was entitled to the credit for the presentencing period because the statute does not distinguish between defendants who are financially unable to post bond and those who are denied the opportunity to post bond by the trial court. Bennett, 246 Ill. App. 3d at 551-52. The court also noted that the statute does not prohibit credit for the period of incarceration after a guilty finding. Bennett, 246 Ill. App. 3d at 551-52. Other cases have been in accord. See People v. Raya, 250 Ill. App. 3d 795, 802-03 (1993) (following Bennett where trial court had revoked the defendant's bond upon guilty finding);

see also <u>People v. McNair</u>, 325 Ill. App. 3d 725, 726 (2001) (following <u>Raya</u> where trial court had revoked the defendant's bond upon guilty finding).

Bennett did not address section 110--6.2(a) of the Code. In <u>Smith</u>, we noted that, under section 110--6.2(a) of the Code, "[b]ail may be even supplied after trial, when a defendant is awaiting the imposition or the execution of the sentence, if certain conditions are met." <u>Smith</u>, 258 Ill. App. 3d at 269. We addressed section 110--6.2(a) in our discussion of whether section 110--14 applies to both pretrial and presentencing periods. We concluded that, because bail may be supplied after trial under certain circumstances pursuant to section 110--6.2(a), the section 110--14 credit applies to both periods.

We did not address in <u>Smith</u> the precise point the State makes here: that section 110--6.2(a) rebuts the presumption that the person is bailable. As the State notes, section 110--4(a) of the Code, entitled "Bailable Offenses," provides that "[a]ll persons shall be bailable before conviction," with the exception of five categories of offenses that are not relevant here. 725 ILCS 5/110--4(a) (West 2000). However, the statute does not make the distinction that the State reads into it or section 110--6.2(a): that an offense is no longer a "bailable offense" upon conviction. Section 110-6.2(a) does not address "bailable offenses." Indeed, it does not contain that term. Mindful of the strict-construction rule that is applied in interpreting penal statutes and its applications in <u>Smith</u> and <u>Bennett</u>, we conclude that section 110--14's reference to a "bailable offense" includes only those permitted categories of offenses defined in section 110--4(a). We further hold that "bailable offense" status is not rebutted by section 110--6.2(a) in a case where the court has revoked the defendant's bond upon a guilty finding.

The State next argues that its position is bolstered by the fact that the credit is limited to a defendant who does not supply bail. However, we have rejected this argument, on the rationale that a defendant who does not post bond should not be in a better position with respect to the credit imposed upon conviction than an accused who is eventually released on his or her own recognizance. See People v. Winkler, 77 Ill. App. 3d 35, 36-37 (1979); see also People v. Plante, 253 Ill. App. 3d 472, 475 (1993) (statute "makes no exception for defendants who are temporarily incarcerated on a bailable offense, but who eventually are released upon the payment of bail"). We decline to revisit the State's argument here.

In summary, we conclude that defendant is entitled to a monetary credit under section 110--14 of the Code for the 116 days she served in the county jail. We need not remand this cause, as this court has the authority to order the clerk of the circuit court to make the necessary change to the mittimus. See People v. Hernandez, 345 Ill. App. 3d 163, 171 (2004). Accordingly, we order the circuit court clerk to enter a modified mittimus to reflect a credit of $580 toward defendant's drug assessment.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County but order the clerk to modify defendant's mittimus as we have directed.

Affirmed as modified.

HUTCHINSON and GROMETER, JJ., concur.