# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Riley*, 2013 IL App (1st) 112472

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEJUAN RILEY, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-11-2472 |
| Filed | January 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In defendant's appeal challenging the assessment of a fee for the DNA database and alleging that he was entitled to a *per diem* credit of $5 against his fines for each of the 210 days he spent on home confinement, not just the 50 days the judge allowed, the appellate court vacated the DNA analysis fee on the ground that defendant's DNA had already been collected, and the *per diem* credit was vacated and the cause was remanded for recalculation to allow a credit only for the 50 days defendant was actually incarcerated, since section 110-14 of the Code of Criminal Procedure does not permit a monetary credit for home confinement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-2102; the Hon. Vincent Gaughan, Judge, presiding. |
| Judgment | Order vacated in part and remanded. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Deepa Punjabi, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary Needham, and Michele Lavin, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Quinn concurred in the judgment and opinion. |

**OPINION**

¶ 1     Following a bench trial, defendant DeJuan Riley was convicted of possession of cannabis. The trial court sentenced him to two years' imprisonment and assessed nearly $1,200 in fines and fees, some of which were offset by credits. On appeal, defendant argues that the trial court erred in: (1) failing to give him a $5-per-day credit for all of the days he spent in home confinement; and (2) assessing a fee for the DNA database despite the fact that his DNA had previously been collected. For the following reasons, we vacate in part and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3     Defendant was convicted of possession of cannabis. He does not challenge his conviction on appeal. Rather, he challenges the fines and fees assessed at sentencing and the calculation of the credits to be applied to his fines.

¶ 4     During the sentencing hearing, defense counsel argued that defendant deserved a credit against his sentence for the 210 days[1] he spent on home confinement under the Cook County sheriff's electronic monitoring program in addition to the 50 days spent in jail while awaiting sentencing. The State objected, arguing that home confinement should not be considered time "in custody" for which he receives credit because he only had to wear an electronic monitoring bracelet and did not have to comply with any reporting requirements. The court ruled:

    "[Electronic monitoring] alone is not required to be given credit. He had 50 days actually in custody. I'll double it for a total of [100] days credit and give him some credit

---

[1]Although in his opening brief defendant claimed credit for 213 days, the State noted that he was only on home confinement for 210 days. In his reply brief, defendant agreed with the State's calculation.

for the [electronic monitoring]. He's not entitled to it as a matter of law."

The court then sentenced defendant to 2 years' imprisonment and 1 year of mandatory supervised release and gave defendant 100 days' credit toward his sentence pursuant to section 5-4.5-100(b) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-4.5-100(b) (West 2010)). Additionally, the court assessed $1,190 in fees, fines, and costs and applied a $500 credit toward those amounts pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2010)), which represented a $5-per-day credit for 50 days of presentence incarceration and 50 days on home confinement.

¶ 5                                    ANALYSIS

¶ 6       On appeal, defendant first argues that he was entitled to the $5-per-day credit for all 210 days that he was in "pre-sentence custody" on home confinement, rather than the 50 days awarded by the court. Significantly, defendant acknowledges that he has "already completed his prison sentence" and does not seek a credit against his sentence.[2] The only relief he seeks on appeal is the award of the *per diem* monetary credit against his fines, which is governed by section 110-14. In response, the State argues that defendant is not eligible for any monetary credit for time spent on home confinement because he was not "incarcerated" as contemplated by section 110-14.

¶ 7       Accordingly, the question presented is one of statutory interpretation, which we review *de novo*. *People v. Beachem*, 229 Ill. 2d 237, 243 (2008). Thus, we begin with the language of the statute to ascertain and give effect to the intent of the legislature in enacting it. *Beachem*, 229 Ill. 2d at 243. We give the words of the statute their plain and ordinary meaning and consider them in the context provided. *Beachem*, 229 Ill. 2d at 243.

¶ 8       Section 110-14 states:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14 (West 2010).

The statute provides a *per diem* monetary credit against fines imposed upon conviction of the offense. *People v. Hare*, 119 Ill. 2d 441, 447 (1988). The credit is based on the number of days a defendant is "incarcerated *** on a bailable offense," whether he is awaiting trial or awaiting sentencing after conviction. *Hare*, 119 Ill. 2d at 447; *People v. Robinson*, 391 Ill. App. 3d 822, 844-45 (2009). Although there is a great deal of case law analyzing different aspects of section 110-14, we have found only one dissenting opinion that has addressed the meaning of "incarceration" on which the amount of the credit is calculated. *People v. Kuhns*, 372 Ill. App. 3d 829, 839 (2007) (Gilleran Johnson, J., concurring in part and dissenting in part).

---

[2]Additionally, the challenge to the calculation of a sentencing credit after the completion of the sentence would be moot. See *In re Darius L.*, 2012 IL App (4th) 120035, ¶ 20.

¶ 9     In *Kuhns*, the defendant sought a $5 credit against his fines for the day that he was "arrested and held at the sheriff's office for questioning." The defendant acknowledged that he was not incarcerated at that time, but argued that he was subjected to " 'the practical equivalent of incarceration' " while being questioned. *Id.* The majority awarded the *per diem* credit to the defendant for that day, holding that section 110-14 allowed the credit for every full or partial day that he was "in custody" after his arrest. *Kuhns*, 372 Ill. App. 3d at 838.

¶ 10    The dissent then analyzed the specific language of section 110-14 and concluded that it only provides a *per diem* credit for days that the defendant is "incarcerated," not when he is merely "in custody." *Kuhns*, 372 Ill. App. 3d at 839 (Gilleran Johnson, J., concurring in part and dissenting in part). Justice Gilleran Johnson criticized the majority opinion for "treat[ing] the terms 'custody' and 'incarceration' as if they are synonymous. They are not." *Id.* She further noted the cases relied upon by the majority similarly used the terms interchangeably. *Id.* at 840-41. However, after conducting a formal analysis of the language of section 110-14, Justice Gilleran Johnson concluded that the two terms had different meanings which resulted in different outcomes. *Id.* at 839. She determined that "custody" is a "very elastic term" that includes the "mere power, legal or physical, of imprisoning or taking manual possession, as well as actual imprisonment or physical detention." *Id.*; see also *People v. Campa*, 217 Ill. 2d 243, 254 (2005). That is, "custody" includes "actual imprisonment, as well as lesser restraints," whereas "incarceration," which is not defined in the Code or the Code of Corrections or any other relevant statute, is limited to " '[i]mprisonment; confinement in a jail or penitentiary.' " *Id.* (quoting Black's Law Dictionary 760 (6th ed. 1990)); see also *Beachem*, 229 Ill. 2d at 244 (where a word or phrase is not defined by statute, we must assume that the legislature intended the term to have its ordinary and popularly understood meaning and, therefore, we may rely on a dictionary definition to ascertain the meaning of an otherwise undefined word or phrase). Thus, applying the rules of statutory construction, Justice Gilleran Johnson concluded that the plain language of section 110-14 allowed the *per diem* credit for days that a defendant was actually, physically imprisoned, but not when he was merely "in custody." *Kuhns*, 372 Ill. App. 3d at 840 (Gilleran Johnson, J., concurring in part and dissenting in part).

¶ 11    We find the reasoning in Justice Gilleran Johnson's dissent to be persuasive and similarly conclude that section 110-14 of the Code only allows a *per diem* monetary credit to be awarded for each day that a defendant is physically incarcerated and not merely in custody. We find further support for our conclusion in *Beachem*, which was recently issued by the Illinois Supreme Court. In *Beachem*, the court was asked to determine whether section 5-8-7 of the Code of Corrections, which was a predecessor to section 5-4.5-100(b), allowed a credit against a defendant's sentence for time spent in the sheriff's day reporting program, a community-based alternative to incarceration. *Beachem*, 229 Ill. 2d at 243. Section 5-8-7 allowed for a credit against a defendant's sentence for time spent "in custody" awaiting trial or sentencing. 730 ILCS 5/5-8-7 (West 2008); *Beachem*, 229 Ill. 2d at 244. The State argued that "custody" meant nothing less than " 'actual confinement or incarceration' " and excluded "lesser restraints" like the day reporting program. *Beachem*, 229 Ill. 2d at 244.

¶ 12    The court rejected the State's argument and reaffirmed that "custody" has long been broadly construed to include actual imprisonment as well as a defendant's "legal duty to

submit to custody," which may encompass "virtually any degree of state control." *Beachem*, 229 Ill. 2d at 252 (citing *People v. Simmons*, 88 Ill. 2d 270, 273 (1981)). Thus, the court makes a clear distinction between "incarceration" and "custody," with the former referring only to actual, physical confinement and the latter including a more expansive duty to submit to legal authority. *Beachem*, 229 Ill. 2d at 253.

¶ 13   As such, in this case, defendant is only entitled to a *per diem* monetary credit for days that he was actually physically incarcerated and not for those days that he was on home confinement. Accordingly, we vacate that portion of the sentencing order applying the $5-per-day credit for 50 days that defendant was on home confinement. On remand, the circuit court must determine the number of days defendant was actually incarcerated to determine the amount of the monetary credit due.

¶ 14   We recognize that in some contexts, the sentencing credit provision in section 5-4.5-100(b) and the *per diem* monetary credit provision in section 110-14 are treated similarly. *People v. Caballero*, 228 Ill. 2d 79, 84 (2008) (citing *People v. Woodard*, 175 Ill. 2d 435, 457 (1997)). However, as discussed above, the plain language of the statutes reveals that the calculus for the two credits is not the same. This is a particularly relevant distinction in light of the fact that a new amendment to section 5-4.5-100(b) of the Code of Corrections (730 ILCS 5/5-4.5-100(b) (West 2010)) requires that days spent on home confinement be credited against a defendant's sentence (see Pub. Act 97-697, § 5, eff. June 22, 2012), whereas section 110-14 does not permit the monetary credit to be given for those days.

¶ 15   Defendant also contends that the $200 DNA analysis fee assessed at sentencing under section 5-4-3 of the Code of Corrections (730 ILCS 5/5-4-3 (West 2010)) should be vacated because his DNA is already in the database. The State agrees that this fee should vacated pursuant to the holding in *People v. Marshall*, 242 Ill. 2d 285, 303 (2011). Accordingly, on remand, the DNA analysis fee shall be vacated.

¶ 16                                    CONCLUSION

¶ 17   For the foregoing reasons, we vacate the *per diem* monetary credit applied to defendant's fines and remand for a recalculation of the credit. Furthermore, we vacate the assessment of the DNA analysis fee.

¶ 18   Order vacated in part and remanded.